BANK ONE INDIANAPOLIS, N.A., (f/k/a American Fletcher National Bank & Trust Company), Appellant (Defendant Below),

v.

Charles E. NORTON, individually and as personal representative of the Estate of Louise L. Norton, deceased, and Charles A. Surber, individually and both as representatives of a class, Appellees (Plaintiffs Below).

No. 49A02–8902–CV–65.

Court of Appeals of Indiana, Second District.

July 31, 1990.

Stephen W. Terry, Jr., David K. Herzog, Baker & Daniels, Indianapolis, for appellant.

Henry J. Price, Jennifer L. Graham, Price & Shula, Indianapolis, for appellees.

SHIELDS, Presiding Judge.

Bank One Indianapolis, N.A. (Bank) appeals the trial court's certification of a class action.

We affirm.

## ISSUES

I. Whether the appellees are appropriate representatives of the class given their claims may be barred by the statute of limitation.

II. Whether the class met the necessary prerequisites of Trial Rule 23(A).

III. Whether the class met the necessary prerequisites of Trial Rule 23(B).

## FACTS

Bank is the manager and trustee of "Common Trust Fund B" (Trust B). "Participating trust accounts purchase shares, called 'units,' which represent a proportionate interest in the total portfolio...." Appellant's Brief at 9. Participating trust accounts established by and for the benefit of Louise Norton, Charles Norton and Charles Surber purchased shares in Trust B.

Charles Norton, individually and as personal representative of the Estate of Louise Norton, and Charles Surber (Benefi-

ciaries) sought a class action against Bank. Bank filed a motion for summary judgment asserting Beneficiaries's claims accrued before 1982 and thus were barred by the two-year statute of limitation found at IC 34–1–2–2(1) (1988). After a hearing, that motion was denied, and pursuant to an amended complaint specifically seeking an accounting, Bank was ordered to file an accounting of the activity in Fund B commencing December 1970, when Louise Norton established her trust. The accounting was filed on September 14, 1988; Beneficiaries filed objections on November 14, 1988. After hearings, the trial court issued the order from which Bank appeals. In pertinent part, the order reads: [1]

5. ....

The issue is, whether or not after the individual trust funds were placed in Fund B, did the trustee of Trust Fund B invest the trust funds in a reasonable and prudent manner, or were the losses that occurred the result of market forces outside the control of the defendant trustee.

Record at 4048.

19. This Court finds that Objection No. 2, that is, objections that Trust Fund B was mismanaged, should be, and hereby is certified as a class action....

20. The issue to be determined in the class action then is whether the trustee of Trust Fund B acted in a reasonable and prudent manner in the administration of said Trust, as required by I.C. 30–4–3–3(C).

21. The members of the class shall be all persons who currently are or who in the past have been equitable owners of interest as grantors or beneficiaries of trusts served by Bank One, as trustee, and whose trust funds were invested by Bank One in Fund B so that such funds

were so invested at any time between May 31, 1976 and June 1, 1986.

Record at 4051.

On Bank's motion, the trial court certified the order for an interlocutory appeal; thereafter, pursuant to Ind.Appellate Rule 4(B)(6), this court granted permission to file the appeal.

### DISCUSSION

#### I.

Bank argues Beneficiaries are unsuitable class representatives because their claims are barred by the two-year statute of limitation. Beneficiaries reply this issue is not properly on appeal; the only issue certified for interlocutory appeal is the order certifying the class. Beneficiaries also assert the issue is waived because Bank failed to include in the record a transcription of the summary judgment hearing based upon the statute of limitation defense.

 We agree with Beneficiaries that the only issue on appeal is the trial court's class action certification. However, in Indiana, a person whose claim is barred by the statute of limitation may not be a class representative. *Warram v. Stanton* (1981), Ind.App., 415 N.E.2d 114. Therefore, the argument that the statute of limitation bars the claims of the named plaintiffs is a proper issue to consider as a part of the class certification issue. The issue is not waived although the record does not contain a transcription of the summary judgment hearing. We are not reviewing the trial court's ruling on the motion for summary judgment, and the summary judgment transcript is not necessary to our decision.

 Bank argues that Beneficiaries are unsuitable representatives of the class because their claims are barred by the two-year statute of limitation. This argument is unavailing.[2] Whether the Beneficiaries's

---

1. Other pertinent sections will be noted where relevant.

2. Bank argues the applicable statute of limitation is the two-year limitation of IC 34–1–2–2(1) (1988). We agree. *Mack v. American Fletcher National Bank* (1987), Ind.App., 510 N.E.2d 725, *transfer denied.* Further, Beneficiaries's argu-

ment the three-year limitation of IC 30–4–6–12 (1988) should apply is not supported by the statutory language; this statute is unavailing until a beneficiary "has received a final account or other statement fully disclosing the matter and showing termination of the trust relationship between the trustee and the beneficiary." IC 30–4–6–12 (1988). At no time in this pro-

claims subsequently are determined to be time-barred because any breach of trust occurred beyond the limitation period is not relevant to the certified issue.

The issue certified for resolution as a class action "is whether the trustee of Trust Fund B acted in a reasonable and prudent manner in the administration of said Trust, as required by I.C. 30–4–3–3(c)." Record at 4051. This order creates a class action which encompasses only the issue of breach of duty, expiration of the limitation period is a defense and is not relevant to the issue of whether a breach of trust occurred. Thus, whether a breach occurred is entirely a separate question from whether the breach will result in ultimate liability. Before the liability issue is reached, not only must there be a breach, there must also be an injury; only when those items are answered in the affirmative is the question reached whether the actionable breach is barred by the limitation period. It is possible there is a breach but no injury, or that there is a breach and an injury but recovery is barred because the action is barred by the statute of limitations. Here, the question of a breach is being considered separate and apart from the question whether there is an injury or whether an actionable claim is barred by the statute of limitations. *See* T.R. 23(C)(4)(a) ("[A]n action may be brought or maintained as a class action with respect to particular issues...."); 28 U.S.C.App. Rule 23, Notes of Advisory Committee on Rules —1966 Amendment, Subdivision (c)(4) (1988) ("This provision recognizes that an action may be maintained as a class action as to particular issues only. For example, in a fraud or similar case the action may retain its 'class' character only through the adjudication of liability to the class; the members of the class may thereafter be required to come in individually and prove the amounts of their respective claims."); *Jenkins v. United Gas Co.* (1968), 5th Cir.,

400 F.2d 28, ("[T]he Court under F.R.Civ.P. 23 has the duty, and ample powers, both in the conduct of the trial and relief granted to treat common things in common and to distinguish the distinguishable."); *Sterling v. Velsicol Chemical Corp.* (1988), 6th Cir., 855 F.2d 1188, 1197 ("[T]he mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible." "[W]here the defendant's liability can be determined on a classwide basis because the cause of the disaster is a single course of conduct which is identical for each of the plaintiffs, a class action may be the best suited vehicle to resolve such a controversy.").

It is important to recognize the role of partial class actions in our judicial system.

The theory of Rule 23(c)(4)(A) is that the advantages and economies of adjudicating issues that are common to the entire class on a representative basis should be secured even though other issues in the case may have to be litigated separately by each class member. Accordingly, even if only one common issue can be identified as appropriate for class action treatment, that is enough to justify the application of the provision as long as the other Rule 23 requirements have been met. As a result, cases have applied subdivision (c)(4)(A) to allow a partial class action to go forward and have left questions of reliance, damages, and other issues to be adjudicated on an individual basis.

C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 1790, at 271–74 (1986) (footnotes omitted).

The possibility Beneficiaries's claims may later be determined to be time-barred does not prevent Beneficiaries from being class representatives on the issue of breach of trust.[3] Indeed, the existence of any num-

---

ceeding has a final account or other statement showing the termination of the trust relationship between Bank and Beneficiaries been filed and submitted to the court for approval. The applicable statute of limitation is two years.

3. If Beneficiaries's claims had been adjudicated to be time-barred, they would be unqualified representatives. *See Warram v. Staton* (1981), Ind.App., 415 N.E.2d 114. Here, in reviewing the statute of limitation issue, the trial court dismissed the motion for summary judgment

ber of possible defenses is irrelevant to the certified issue. Those issues may be handled later in individual actions.[4]

## II.

### A.

▮ Bank argues the trial court erred in certifying the class under T.R. 23(A)(2) because the claims presented are not common to all members of the class but are primarily individual questions.[5] Bank argues in several sections of its brief that claims by some members of the class are time-barred, that some class members made a profit, that members of the class are subject to unique defenses requiring "testimony from [each] individual" (Appellant's Brief at 35) member of the class, and that the awareness of the class members is different. Therefore, Bank concludes, the class should not have been certified. We disagree.

The certified issue is "whether the trustee of Trust Fund B acted in a reasonable and prudent manner in the administration of said Trust." Record at 4051. This question is common to all members of the class. If Trust B was not administered in a reasonable and prudent manner, the resulting mismanagement is common to all unitholders. Individual questions, including lack of injury and possible individual defenses of the statute of limitation, laches, waiver, estoppel and ratification, will arise only after the common questions related to the core issue of the Bank's asserted breach of trust are resolved. They do not prevent a class action on the common, limited issue of breach of trust. There is no

error in the trial court's determination on this ground.

### B.

▮ Bank argues the trial court erred in certifying the class under the T.R. 23(A)(3) requirement of typicality.[6] Bank argues the trial court's certification was erroneous because the claim of each Beneficiary is subject to unique defenses which makes each Beneficiary atypical and unable to represent the class. We disagree. As already discussed, the possibility of unique defenses is irrelevant to the determination of the limited issue of breach of trust. *See* section I, *supra.*

▮ Next, Bank argues Beneficiaries's claims are not typical because the class certified is overbroad. Referring to Beneficiaries's evidence, Bank asserts Beneficiaries sought to represent people who were " 'not aware' or 'ignorant in the bond area when they started.' " Appellant's Brief at 35. Bank claims the only way to make these determinations "is to hear testimony from that individual and the bank officers who dealt with him. In class-action language, neither Norton nor Surber is typical of anyone else on the subject of 'awareness.' " Appellant's Brief at 35.

Bank's interpretation of the evidence is too restrictive. There is also evidence Beneficiaries considered the class as persons who "did not get good representation by the bank." Record at 569. The trial court reasonably interpreted this stated intent as a desire to represent all persons whose trust was breached by Bank within the time parameters established by the trial

---

finding that "[g]enuine issues of material fact remain as to the applicability of the Statute of Limitations to the Plaintiffs." Record at 1684.

**4.** Nothing in this opinion should be construed to limit the authority of the trial court to certify or decertify issues during the course of a class action.

**5.** Findings by the trial court relevant to this issue include:
> 8. The claims of breach of fiduciary duty asserted by Norton and Surber against Bank One as trustee of Common Trust Fund B are typical.

9. While the Defendant points out and this Court acknowledges that the class members consist of trusts whose investments varied in time, this fact does not make the representatives atypical, nor does it dispel the common questions of law and fact. See *Meyer v. Citizens and Southern National Bank,* 106 F.R.D. 356, 360 (M.D.Ga.1985). The claims of all class members arise from the same course of alleged conduct on behalf of the Defendant and are grounded in the same legal theory. Record at 4049.

**6.** Findings by the trial court relevant to this issue are listed in note 5, *supra.*

court's certification.[7] Beneficiaries's awareness is not relevant to the question of Bank's alleged breach of trust; it may be relevant to other questions including possible defenses, *i.e.* liability. That all persons within the certified class may not have suffered damage does not mean a breach of trust did not occur. Damages are not relevant to the limited certified issue.

There is no abuse of discretion.[8]

## C.

Bank claims the trial court erred in certifying the class because Beneficiaries are not "representative parties [who] will fairly and adequately protect the interests of the class." T.R. 23(A)(4).[9]

■ First, Bank argues the trial court erred in determining "[n]o conflict or antagonism exists between the class representatives and the members of the class nor between attorneys representing the class representatives and the class members." Record at 4049. Bank's attack on this finding consists of its assertion Beneficiaries challenge the propriety of conduct in 1982 which, according to a witness for Bank, was "exactly the right thing to do." Record at 1496. Bank's argument establishes only a conflict between the position of Bank and Beneficiaries and not between Beneficiaries and other members of the

class. Similarly, Bank's argument some investors chose to leave Fund B while Beneficiaries did not do so, does not contradict the trial court's conclusion Beneficiaries's position is not antagonistic to the claim of other members of the class for the time during which they participated in Fund B. Bank has failed to establish the trial court abused its discretion in finding Beneficiaries's interests are not antagonistic to those of the remainder of the class.

■ Next, Bank argues Beneficiaries did not articulate their contentions as to Bank's alleged egregious conduct in the language of the certified objection and, therefore, the trial court's decision is erroneous because the class representatives must know and understand their case. Bank cites portions of Surber and Norton's depositions to evidence its contention they, as Beneficiaries, cannot articulate what the Bank did wrong. These depositions were taken approximately a year prior to the Bank's accounting, however, and more than a year prior to the filing of the Objections based on that accounting, the denial of one of which is the certified issue.

Our review of the record reveals evidence which supports the trial court's determination. Beneficiaries testified as to their close study of Trust B and their ability to assimilate the information provided to the extent of preparing charts and calcula-

---

7. Beneficiaries allege breach of trust conduct occurred as late as 1985 when "Manterfield directed a reduction in maturities." Appellees' Brief at 24; Record at 1217. Thus the class deadline of June 1, 1986 is appropriate because the two-year limitation period would not have passed.

8. Bank argues the trial court erred in certifying the class under T.R. 23(A)(3) because Beneficiaries "cannot articulate what, if anything, they contend Bank did wrong, so their claims on their face are not typical of those described in the 'Objection'." Appellant's Brief at 31. According to Bank, Beneficiaries's inability to identify its mismanagement is fatal to class certification because the representative must "know and understand his case." Appellant's Brief at 32. The essence of this argument is representativeness of the Beneficiaries; therefore, we address it in our discussion of Bank's arguments pertaining to T.R. 23(A)(4), section II.C. *infra.*

Bank's claims pertinent to the commonality element of T.R. 23(A)(2) but which are presented in this argument on the typicality element of T.R. 23(A)(3) were addressed in our discussion of T.R. 23(A)(2), section II.A. *supra.*

9. Relevant to this issue the trial court found:

10. Charles Norton, on his individual behalf and as personal representative of the Estate of Louise Norton, and Charles Surber are adequate representatives of the class defined above, and to date have, along with their counsel, prosecuted this case with vigor and competence. No conflict or antagonism exists between the class representatives and the members of the class nor between attorneys representing the class representatives and the class members. Counsel for the plaintiffs have demonstrated their ability to represent the Plaintiffs and class members in the proceedings before this Court to date.
Record at 4049.

tions and making informed inquiries. In other words, the records reveals they are informed, conscientious individuals who have pursued this action vigorously. There is no error in the trial court's determination as to Beneficiaries's fitness.

■■■ Bank also argues Beneficiaries have failed to demonstrate their counsel can competently represent the class and, therefore, the class should not have been certified. Again, we disagree. · Bank did not raise a specific objection to the qualifications of Beneficiaries's counsel. In the absence of an objection, it is reasonable to assume an attorney admitted to the practice of law in this state is competent to practice in the courts of this state. Further, the trial court may reasonably infer competency of counsel from the trial court's observation of counsel's skill in presenting the case leading to the certification of the class. We find no abuse of discretion in the trial court's finding Beneficiaries's counsel is capable of representing the interests of the class.[10]

### III.

### A.

■■■ Bank argues there was no evidence presented at trial showing other suits have been or will be filed and, therefore, the class should not have been certified under T.R. 23(B)(1).[11] This argument misstates the rule. The rule requires only that a risk of the filing of other suits be shown. From the damages claimed and the numerosity of the class of plaintiffs, it

was not an abuse of discretion for the trial court to conclude there is a risk of other suits being filed.

### B.

■■■ Bank argues there is no risk of inconsistent judgments and therefore the class should not have been certified under T.R. 23(B)(1)(a).[12] We disagree. This class action will determine whether Bank's conduct was consistent with its fiduciary duty and necessarily will impact upon its future management of Trust B and other similar accounts. Separate actions with the risk of conflicting results "would establish incompatible standards of conduct for" Bank.[13] T.R. 23(B)(1)(a).

### CONCLUSION

The trial court properly certified the issue of Bank's breach of trust as a class action.

Judgment affirmed.

BAKER and SULLIVAN, JJ., concur.

---

10. Bank also argues Beneficiaries do not have common claims. This argument has been addressed in our discussion of T.R. 23(A)(2), section II.A, *supra*, and found wanting. Bank's argument Beneficiaries are not typical was found wanting in our discussion of Bank's argument under T.R. 23(A)(3), section II.B. *infra.*

11. Relevant to this issue the trial court found:
 13. Due to the size of the losses incurred in Fund B, there is an actual risk of individual suits by class members.
 Record at 4050.

12. Relevant to this issue the trial court found:

12. Plaintiffs seek a declaration of the duties of AFNB as trustee of Common Trust Fund B. Different adjudications on this issue could subject Bank One to varying standards since the duties of AFNB as trustee of Common Trust Fund B must be the same as to each trust which maintains units in Fund B. Record at 4049.

13. Because the class was properly certified under T.R. 23(B)(1)(a) it is unnecessary to address Bank's argument the class otherwise was not properly certified under T.R. 23(B).