INDEPENDENCE HILL CONSERVANCY DISTRICT, James Beshears, Marcelle Hepburn, Matt Smederovac, Lucille Parker, Joe Shudick, Jr., and Fred Perry, all in their official capacities as members of the Independence Hill Conservancy Districts, Appellants–Defendants,

v.

Drew STERLEY, on behalf of himself and all others similarly situated, Appellees–Plaintiffs.

No. 45A03–9511–CV–366.

Court of Appeals of Indiana.

June 21, 1996.

---

Peter L. Benjamin, Merrillville, for appellant.

## OPINION

STATON, Judge.

Independence Hill Conservancy District, James Beshears, Marcelle Hepburn, Matt Smederovac, Lucille Parker, Joe Shudick, Jr., and Fred Perry (collectively "Independence Hill") appeal the trial court's certification of this cause as a class action. It presents three issues for our review which we restate as follows:

I. Whether the trial court erred in certifying this cause as a class action.

II. Whether the trial court erred in allowing class members to elect to be excluded from the class.

III. Whether the trial court erred by failing to order the class to bear the costs of identifying class members.

We reverse and remand.

The evidence most favorable to the judgment indicates that Drew Sterley ("Sterley") owns real estate located in a public sanitary sewage system operated by Independence Hill. There are approximately 2,900 buildings served by the system. Some of the buildings are located across the street from the sewer main. In those cases, a portion of the sewer pipe connecting the building to the sewer main is under the street.

Sterley's house lies in an area annexed by Independence Hill in 1989. Prior to the annexation, a private sewer utility, Lincoln Gardens, provided sewer service. Lincoln Garden's policy was to pay for repair to the portion of the sewer line under the street. Independence Hill's policy, however, was that replacement of the sewer line was the building owner's responsibility.

In 1992, the sewer line from Sterley's house collapsed. When Independence Hill refused to pay the cost of repairs for the portion of the line lying under the street, Sterley brought suit seeking relief including monetary damages; injunctive and declaratory relief requiring Independence Hill to maintain the sewer lines which ran under roadways; and a finding that Independence Hill had violated his statutory, civil, and constitutional rights. He also filed a petition for certification of the action as a class action. After a hearing on the matter, the trial court entered findings of fact and conclusions of law certifying as a class "all homeowners who have been or may be affected by the Independence Hill Conservancy District Defendants' failure to repair and/or maintain its sewer and sanitary system within the publicly owned land and property within the system." Record at 62.

## I.

### Class Certification

■ Independence Hill argues that the trial court erred in its definition of the class. We note at the outset that Sterley has not favored us with a brief. Where only the appellant files a brief, we may reverse the trial court if the appellant makes a *prima facie* showing of error. *Rzeszutek v. Beck,* 649 N.E.2d 673, 676 (Ind.Ct.App.1995), *trans. denied.* This rule "protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee." *Id.*

■ A class certification order is a final, appealable order. *American Cyanamid Co. v. Stephen,* 600 N.E.2d 1387, 1389 (Ind.Ct. App.1992), *trans. denied.* A trial court has broad discretion in determining whether an action will be maintained as a class action. *McCart v. Chief Exec. Officer in Charge, Independent Federal Credit Union,* 652 N.E.2d 80, 83 (Ind.Ct.App.1995), *reh. denied, trans. denied.* In reviewing the decision, we will neither reweigh evidence nor judge witness credibility. *Id.* If the evidence most

favorable to the judgment and all reasonable inferences to be drawn therefrom support the judgment, we will affirm. *Id.*

 In this case, the trial court entered specific findings of fact and conclusions of law, *sua sponte*. When reviewing such findings, we employ a two-tiered standard of review. *Edward D. Jones & Co. v. Cole*, 643 N.E.2d 402, 405 (Ind.Ct.App.1994), *trans. denied.* First, we determine whether the findings support the judgment; then whether the conclusions of law and the judgment are clearly erroneous based upon the findings of the court. *Id.* When the court enters such findings *sua sponte*, the specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not found. *In re Marriage of Snemis*, 575 N.E.2d 650, 652 (Ind.Ct.App.1991). We may affirm a general judgment on any theory supported by the evidence. *Id.* However, where neither party challenges the trial court's findings, as here, the parties are bound by the findings of fact as being fully and correctly found by the trial. *American Cyanamid v. Stephen*, 623 N.E.2d 1065, 1070 (Ind.Ct.App.

1993) (*"American Cyanamid II "*). Thus, our review is limited to determining whether the conclusions of law and judgment are clearly erroneous in light of the findings. *Id.*

 Trial Rule 23 governs class actions.[1] A party requesting class certification must prove that the proposed class meets all of the requirements of T.R. 23(A) and at least one of the requirements of T.R. 23(B). *McCart, supra,* at 82–83. In addition to the express requirements for class certification, there is an implicit "definiteness" requirement.[2] *In Re A.H. Robins, Co., Inc.*, 880 F.2d 709, 728 (4th Cir.1989), *cert. denied*, 493 U.S. 959, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989); *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir.1977). Because a judgment in a class action has a res judicata effect on absent class members, a properly defined class is necessary at the outset. *Alliance, supra,* at 977 n. 6. A class definition must be specific enough for the court to determine whether or not an individual is a class member. *Pottinger v. City of Miami*, 720 F.Supp. 955, 957 (S.D.Fla.1989). If the definition includes persons without in-

1. T.R. 23 provides:
 **(A) Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if:
 (1) the class is so numerous that joinder of all members is impracticable;
 (2) there are questions of law or fact common to the class;
 (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
 (4) the representative parties will fairly and adequately protect the interests of the class.
 **(B) Class Actions Maintainable.** An action may be maintained *as a class action if the* prerequisites of subdivision (A) are satisfied, and in addition:
 (1) the prosecution of separate actions by or against individual members of the class would create a risk of:
 (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
 (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:
 (a) the interest of members of the class individually controlling the prosecution or defense of separate actions;
 (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
 (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;
 (d) the difficulties likely to be encountered in the management of a class action.

\* \* \* \* \* \*

2. With only two exceptions, neither of which is applicable here, T.R. 23 is identical to the corresponding federal rule. *Bowen v. Sonnenburg*, 411 N.E.2d 390, 397 (Ind.Ct.App.1980). Thus, application of federal law is appropriate. *Matter of Tina T.*, 579 N.E.2d 48, 55 (Ind.1991).

terests or standing in the lawsuit, it is not adequate. *Slaughter v. Levine*, 598 F.Supp. 1035, 1041 (D.Minn.1984). Without a properly defined class, a class action cannot be maintained.[3] However, a court can redefine a class in order to sustain the lawsuit. T.R. 23(C)(1); *Slaughter, supra*, at 1041.

The definition of the class members in the instant cause is extremely vague. As Independence Hill correctly argues, it could include all homeowners in the District or only those whose sewer lines pass under a public street. Also, because it does not cover any specific time period, it is unclear whether prior homeowners are included. The term "affected by" is equally vague. Independence Hill argues that all homeowners are "affected by" how it utilizes it resources for maintenance of District sewer lines. Therefore, it is not possible to determine precisely who is included within the amorphous class definition in the court's order and whose rights will be determined in the subsequent litigation.

In addition, Sterley's complaint and the evidence at the hearing were directed toward the cost and responsibility of replacing sewer lines which pass under public streets. There is not sufficient evidence in the record to support the amorphous class definition found in the certification order. Only those persons whose sewer lines pass under publicly owned property have any interests in the present lawsuit. However, because the class as defined could include all homeowners in the district, it includes persons who have no interest in the lawsuit. Thus, the definition is inadequate. *Slaughter, supra.*

As noted above, because Sterley failed to file an appellate brief, Independence Hill only needs to make a *prima facie* show-

ing of error in order to obtain reversal of the trial court's order. *Rzeszutek, supra.* It has met that burden in showing that the class is inadequately defined. However, this is not fatal to the class action because the trial court is permitted to redefine a class. *Slaughter, supra.* Thus, we remand this cause to the trial court for a more clear, more specific class definition.

## II.

### *Exclusion of Class Members*

Independence Hill next argues that the trial court erred in allowing prospective class members to elect to be excluded from the class action. Prospective class members in a class action certified under T.R. 23(B)(3) can be excluded from the class upon request. T.R. 23 (C)(2). This rule does not apply to class actions certified under T.R. 23(B)(1) or T.R. 23(B)(2). *Bowen v. Sonnenburg*, 411 N.E.2d 390, 400 (Ind.Ct.App.1980).

The subdivisions in T.R. 23(B) are not mutually exclusive categories. *Id.* at 398. However, when an action is maintainable under more than one subdivision, a trial court should certify it under T.R. 23(B)(1) or (2) rather than T.R. 23(B)(3). *A.H. Robins, supra*, at 728. The underlying rationale is that a T.R. 23(B)(1) or (B)(2) action "will have *res judicata* effect as to all the class (since no member has the right to opt out in a(b)(1) or (b)(2) suit), thereby furthering policy underlying (b)(1) and (b)(2) class suits." *Id.* (quoting 3B Moore's Federal Practice, ¶ 23.31[3], pp. 236–237 (2d ed.1987)).

The certification order did not specify under which subdivision certification was being granted. However, the trial court made specific findings which correspond to each subdivision of T.R. 23(B).[4] Because

---

**3.** *See Rodriguez v. Berrybrook Farms, Inc.*, 672 F.Supp. 1009 (W.D.Mich.1987) (definition sufficient when it identified the class as migrant farm workers at specific location during specific time frame); *Alliance, supra* (definition sufficient when it identified persons in Chicago subject to a particular pattern of harassment); *Slaughter, supra*, (definition not sufficient when overly broad); *Gomez v. Illinois State Bd. of Education*, 117 F.R.D. 394 (N.D.Ill.1987) (definition not sufficient when it includes persons no longer entitled to relief).

**4.** The trial court stated in its findings:

\* \* \* \* \* \*

6. Prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class and would establish incompatible standards of conduct for the Independence Hill Conservancy District. [T.R. 23(B)(1)(a) ]

7. Prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to

neither party is challenging the findings made by the trial court, we will accept each of the findings as correct. *American Cyanamid II, supra,* at 1070. Thus, the class action is maintainable under any of the three subdivisions and should be certified under either (B)(1) or (B)(2) rather than (B)(3). *A.H. Robins, supra.* Under those subdivisions, no option for exclusion is available. *Bowen, supra.* The trial court erred in allowing absent class members the option of being excluded from the class action. Therefore, we reverse the trial court's order to the extent that it allows absent class members to choose to be excluded from the lawsuit.

### III.

#### Cost of Identification

■ The trial court ordered Independence Hill to provide a list of potential class members to Sterley. However, it failed to specify that Sterley was to bear the costs of that process. Independence Hill argues that this failure constituted error. When the opponents to class certification possess the information necessary to compile the list of class members, the court can order them to perform the physical activity involved in compiling the list. *Bowen, supra,* at 399–400. However, the cost of providing the notice, including the expense of identifying the members of the class, "must initially be borne by those asserting class status." *Id.*

■ Because the information necessary to identify potential class members, i.e., customer and billing records, are in Independence Hill's possession, the trial court could properly order them to compile the list. *Id.* However, Sterley must still bear the cost of providing that information. *Id.* Thus, we conclude that the trial court should have ordered Sterley to pay the cost of compiling the list of potential class members.

We reverse and remand for proceedings consistent with this opinion.

GARRARD and FRIEDLANDER, JJ., concur.

---

individual members of the class and would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests. [T.R. 23(B)(1)(b)]

8. Plaintiff has alleged that Independence Hill Conservancy District and its members have acted or refused to act on grounds generally applicable to the class by failing to repair and maintain the common and public areas within its sewer and sanitary system, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. [T.R. 23(B)(2)]

9. Questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. It is therefore desirable to concentrate the litigation of the claims of the Plaintiffs in this lawsuit and forum. [T.R. 23(B)(3)]

Record at 61–62.