**CITY OF EVANSVILLE, Indiana, and Evansville Police Merit Commission, Appellants–Defendants,**

v.

**William S. BRAUN, Kenneth Taylor, Richard Hubbard, on Behalf of Himself and All Others of the Evansville Police Department Similarly Situated, Appellees–Plaintiffs.**

No. 82A01–9607–CV–243.

Court of Appeals of Indiana.

March 13, 1997.

Allan G. Loosemore, Jr., Evansville, for Appellants–Defendants.

Charles L. Berger, Robert J. Pigman, Berger and Berger, Evansville, for Appellees–Plaintiffs.

## MEMORANDUM DECISION

BAKER, Judge.

Appellants-defendants the City of Evansville and the Evansville Police Merit Commission (City) appeal the trial court's grant of summary judgment in favor of the appellee-plaintiffs William S. Braun, Kenneth Taylor, Richard Hubbard, and all others of the Evansville Police Department Similarly Situated (Class) and award of a cash judgment to each member of the class including cash damages and pre-judgment interest.[1]

## FACTS

On April 24, 1990, the Class instituted a class action suit against the City alleging that the City breached its contract with the Class by failing to pay overtime compensation to the officers-in-training at the Indiana Law Enforcement Academy. On March 20, 1992, the parties stipulated to the issue to be decided for the class; whether the officers-in-training were entitled to overtime compensation under the contract. Thereafter, the City specified its defenses, claiming that laches precluded the Class from bringing this action and that the contract did not entitle the officers-in-training to overtime compensation.

On October 5, 1992, a trial was held, after which, the trial court issued findings of fact and conclusion of law finding in favor of the Class. Specifically, the trial court found that pursuant to the contract, the officers-in-training, as "members" of the Evansville Police Department, were entitled to overtime compensation for all official police work performed in excess of the normal eight-hour day, including attendance at Saturday morning training sessions and meetings, time spent driving to and from the Indiana Law Enforcement Academy, training beyond a forty-hour week and fire watch duty. R. at 1002.

On August 31, 1993, this court affirmed the trial court's decision. We then remanded the case to the trial court with instructions for it to calculate the overtime compensation owed to the officers-in-training from January 1, 1976 to the time of the judgment. *City of Evansville v. William S. Braun, et al.*, 619 N.E.2d 956 (Ind.Ct.App.1993).

Thereafter, on remand the Class filed a motion for summary judgment requesting the trial court to find as a matter of law that the officers-in-training were entitled to overtime compensation for activities, in addition to those discussed in the trial court's original findings, including study time engaged in while attending the Indiana Law Enforcement Academy and time spent standing inspection beyond the normal eight hour day. R. at 629. The City then filed a motion in opposition to the Class' motion and a motion for summary judgment asking the trial court to find as a matter of law that the officers-in-training were not entitled to overtime compensation for these additional activities. Specifically, the City argued that because the officers-in-training were required by the mandatory grievance procedure in the contract to request the overtime compensation within three weeks of incurring the overtime and had not done so, they were not entitled to overtime compensation for these activities.

Following a hearing, the trial court granted the Class' motion for summary judgment and denied the City's motion. In its findings of fact and conclusions of law, the court specifically noted that the officers-in-training were required to spend several hours standing for inspection and studying class materials beyond the normal eight hour day. R. at 1076. The trial court also found that the

---

1. The City also argues that the trial court improperly awarded the Class its attorney's fees. Here, the record reveals that the trial court planned to award the Class its attorney's fees as part of its judgment. However, the trial court has yet to do so, and therefore, we do not know under what authority the trial court would have awarded them. R. at 1080. Therefore, we are unable to address this issue on appeal.

City had waived its right to argue that the officers-in-training failed to comply with the grievance procedure because they did not present any evidence on the issue during the original trial. R. at 1077, 1080. The trial court then awarded the officers-in-training a cash judgment, including damages and pre-judgement interest. R. at 1080. The City now appeals the trial court's grant of summary judgment and its award of cash damages and pre-judgment interest.

## DISCUSSION AND DECISION

### I. Summary Judgment

The City contends that the trial court erred by granting summary judgment in the Class' favor. Specifically, the City argues that the trial court erred in finding that it waived its defense regarding the mandatory grievance procedure contained in the contract between the City and the police officers by failing to raise the defense at trial. The City also raises other challenges to the trial court's findings, however, because we find the waiver issue dispositive, we address only that issue on appeal.

Initially, we note our standard of review. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not rest on the allegations of his pleadings. *J.A.W. v. Roberts,* 627 N.E.2d 802, 808 (Ind.Ct.App. 1994). When reviewing the grant of a motion for summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny,* 627 N.E.2d 1362, 1363 (Ind. Ct.App.1994), *trans. denied.* We may sustain the grant of summary judgment upon any theory supported by the designated materials. T.R. 56(C).

According to the City, it did not waive its defense regarding the mandatory grievance procedure since its defense did not become relevant to the proceedings until after the trial court had determined that the officers were entitled to overtime compensation under the contract. As a result, the City argues that it was entitled to raise its defense for the first time in its motion for summary judgment.

In support of its argument, the City cites *Bank One Indianapolis v. Norton,* 557 N.E.2d 1038, 1041–1042 (Ind.Ct.App.1990) for the proposition that any defense that is not relevant to the certified issues at trial may be raised at a subsequent proceeding when each individual member of the class makes his or her individual claim for damages. In *Bank One,* this court was asked to determine whether the trial court had properly certified a class of trust beneficiaries in a breach of trust action against the trustee of the trust fund, in light of the fact that some of the beneficiaries' claims may have been barred by the statute of limitations. *Id.* The court found that all of the beneficiaries were proper members of the class because the only issue currently certified for trial was whether the trustee of the trust breached its duty and not whether the trustee was liable to each individual member or owed each members damages. *Id.* However, the court in *Bank One* also found that the trustee could raise its defenses, such as the statute of limitations, against individuals of the class during a subsequent proceeding. *Id.* at 1042. Based on this reasoning in *Bank One,* the City contends the its defense was not relevant to the certified issue at trial and, therefore, it was entitled to bring it at a subsequent proceeding.

Notwithstanding the City's argument to the contrary, we find that the City was required to raise its affirmative defense regarding the mandatory grievance procedure during the original trial. In the instant case, the certified issue for trial as stipulated by the parties was "whether or not members of the Evansville Police Department are entitled to overtime compensation while they are [officers-in-training] for the City of Evansville." R. at 764, 791. This issue is broader

than the narrowly tailored issue in *Bank One,* and therefore, the City was required to raise all of its affirmative defenses at trial which would have demonstrated that the officers were not entitled to overtime compensation. Further, it appears that the City was, in fact, aware that the issue was broad enough to require them to set forth their affirmative defenses because it certified two defenses and presented them at trial.[2] This court has held on several occasions that the failure to raise a defense at trial waives that issue. *See Miller v. Griesel,* 261 Ind. 604, 308 N.E.2d 701, 704 (1974) (failure to raise sovereign immunity defense at trial waives the defense); *Bowyer v. Vollmar,* 505 N.E.2d 162, 165 (Ind.Ct.App.1987) (party that first raises defense for first time in motion to correct error waives defense), *trans. denied.* Thus, the City has waived its defense that the officers-in-training failed to comply with the mandatory grievance procedure.

Furthermore, this court has previously held that a party waives its right to argue that an opposing party has failed to comply with a grievance procedure, where the issues have been fully litigated and a court has construed the underlying contract. *JKL Components Corp. v. Insul–Reps, Inc.,* 596 N.E.2d 945, 949 (Ind.Ct.App.1992), *trans. denied.* The court in *JKL* reasoned that the need for resolving disputes pursuant to an informal grievance procedure no longer exists once the issues have already been resolved. *Id.*

Here, the trial court had already resolved the issues which the City argues should have been resolved pursuant to the grievance procedure at the trial on the merits. Thus, the need for informal resolution of the issues has long since passed. The City has waived its defense that the Department failed to comply with the grievance procedure. The trial court did not err by granting summary judgment.

## II. Cash Damages & Pre-judgment Interest

■ Additionally, the City challenges the trial court's award of cash damages and pre-judgment interest. Specifically, the City argues that because the officers-in-training failed to request compensation for overtime within three weeks of incurring the overtime as required by the contract, they are entitled, pursuant to the contract, to only compensatory time and not damages. In response, the Class argues that the trial court did not err in awarding cash damages because compensatory time is no longer an adequate remedy.

We reject the City's argument that the Class is limited to receiving only compensatory time. The members of the class consist of all officers who incurred overtime since 1976. Because many members of the class have either retired or left employment, these officers cannot benefit from any time they would recover. Under these circumstances it was within the trial court's discretion to fashion an equitable remedy. *See Estate of Hann v. Hann,* 614 N.E.2d 973, 978 (Ind.Ct.App.1993) (trial court has wide discretion to provide equitable relief to a party).

■ Additionally we find that the trial court properly awarded the Class pre-judgment interest. Prejudgment interest is properly awarded when damages are ascertainable in accordance with fixed rules of evidence and accepted standards of valuation at the time the damages occurred. *Wedge v. Lipps Industries,* 575 N.E.2d 332, 336–337 (Ind.Ct.App.1991). Where the claim is based upon a contract, pre-judgment interest is proper if the terms of the contract make the claim ascertainable and the amount of the claims rests upon mere computation. *Id.* at 337.

Here, the contract stated that officers who worked overtime were entitled to time-and-a-half compensation. R. at 912. Additionally, the Class presented evidence regarding the amount of overtime that each individual class member incurred. R. at 45–626. As a result, the trial court was able to readily ascertain the amount of overtime compensation to be paid each class member. Under these circumstances, the trial court did not error in awarding prejudgment interest.

2. Specifically, the City presented the defenses of laches and that the officers-in-training were not considered "members" of the police department under the contract, and therefore, were not entitled to overtime compensation. R. at 764, 771.

In sum, we find that the trial court properly granted summary judgment in favor of the Class. We further find that the trial court did not err by awarding the members of the Class damages including pre-judgment interest. We therefore, remand to the trial court to calculate each member's damage award.

Judgment affirmed.

ROBERTSON and FRIEDLANDER, JJ., concur.