**CONNERWOOD HEALTHCARE, INC., d/b/a Washington Manor, Appellant–Defendant,**

v.

**ESTATE OF Carrie L. HERRON, Deceased; Wilma M. Karch and Geneva Wright, Co–Personal Representatives, Appellees–Plaintiffs.**

No. 82A01–9701–CV–34.

Court of Appeals of Indiana.

July 31, 1997.

**1324**

William H. Mullis, Fine & Hatfield, Evansville, for appellant-defendant.

Wayne S. Trockman, Newman, Trockman, Lloyd, Flynn & Rheinlander, Evansville, for appellees-plaintiffs.

## OPINION

NAJAM, Judge.

### FACTS AND STATEMENT OF THE CASE

Connerwood Healthcare, Inc., d/b/a Washington Manor ("Connerwood"), is a residen-

tial nursing facility in Evansville. In June of 1995, approximately 150 elderly or infirm residents lived at the facility. During that month, some 70 persons developed one or more symptoms of food poisoning, including nausea, vomiting and diarrhea. Thirty-four residents tested positive for salmonella enteritides, three of whom died during the outbreak.

Carrie L. Herron, one of Connerwood's residents, died on July 15, 1995, allegedly from "deficiencies of care" associated with the salmonella infection. The Estate of Carrie L. Herron, with Wilma M. Karch and Geneva Wright serving as joint personal representatives of their mother's estate (collectively "Herron"), filed suit against Connerwood and requested that the case be maintained as a class action. The complaint for "personal injuries and wrongful death" alleged that Connerwood's negligence caused injury to Herron and other residents. In addition, Karch and Wright sought recovery for "stress, anguish and personal pain and suffering."

The trial court heard argument on November 14, 1996, and issued its order with the following findings:

1. That in June 1995 there occurred an outbreak of salmonella poisoning at Washington Manor Nursing Home as evidenced by the Indiana State Health Report attached to Plaintiffs' response to Defendant's Motion to Dismiss.

2. That as a result of said salmonella poisoning, up to 70 residents and employees of Washington Manor were affected.

3. That the salmonella poisoning resulted in physical illness as well as several deaths at Washington Manor.

4. That given the age and physical condition of many of the residents at Washington Manor who were affected by said salmonella poisoning, certification

of this cause as a class action would be appropriate in order to fairly and adequately protect the interests of this class.

The court then concluded that the plaintiffs had satisfied Indiana Trial Rule 23 and conditionally certified the matter as a class action. Connerwood filed a Motion to Correct Error and argued that the claim failed to meet the requirements of class action certification. The trial court denied Connerwood's motion. Connerwood now appeals.[1]

We affirm in part and reverse in part.

## ISSUE

The sole issue raised by Connerwood is whether the trial court abused its discretion when it conditionally certified the case as a class action.

## DISCUSSION AND DECISION

### Standard of Review

■ The determination of whether an action is maintainable as a class action is committed to the sound discretion of the trial court. *See CSX Transp., Inc. v. Clark,* 646 N.E.2d 1003, 1006 (Ind.Ct.App.1995). We review the trial court's ruling on a motion for class certification by employing an abuse of discretion standard. *Heritage House of Salem, Inc. v. Bailey,* 652 N.E.2d 69, 75 (Ind. Ct.App.1995), *trans. denied.*[2] We neither reweigh evidence nor judge witness credibility. *McCart v. Chief Exec. Officer in Charge, Independent Fed. Credit Union,* 652 N.E.2d 80, 83 (Ind.Ct.App.1995), *trans. denied.* If we find there is substantial evidence to support the trial court's ruling, we will affirm. *Edward D. Jones & Co. v. Cole,* 643 N.E.2d 402, 405 (Ind.Ct.App.1994), *trans. denied.* Indiana Trial Rule 23 is based upon Federal Rule of Civil Procedure 23. *Hefty v. All Other Members of Certified Settlement Class,*

1. We heard oral argument on July 10, 1997.

2. Herron does not challenge the propriety of our review where, as here, we treat the class certification order as a final, appealable order. See discussion of this issue in *Martin v. Amoco Oil*

*Co.,* 679 N.E.2d 139, 144 (Ind.Ct.App.1997) (issue uncertain after supreme court's decision in *Berry v. Huffman,* 643 N.E.2d 327 (Ind.1994)), *petition to transfer filed.* We agree that class certification orders are final and appealable and, thus, we decide the case on the merits.

680 N.E.2d 843, 848 (Ind. 1997).[3] Thus, it is appropriate for us to look at federal court interpretations of the federal rule when we apply the Indiana rule. *Id.*

### Class Action Certification

Connerwood asserts that the trial court abused its discretion when it certified this case as a class action. In determining the propriety of class action certification, a trial court must first determine whether the class meets the four prerequisites of Indiana Trial Rule 23(A), generally known as numerosity, commonality, typicality and adequacy of representation. If these are met, the court must then assess whether the action also satisfies at least one of the three subsections of Indiana Trial Rule 23(B). We consider each in turn.

### I.  Indiana Trial Rule 23(A)

■ The trial court specifically found that Herron satisfied the prerequisites to class certification pursuant to Trial Rule 23(A) which provides:

1.  the class is so numerous that joinder of all members is impracticable;

2.  there are questions of law or fact common to the class;

3.  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4.  the representative parties will fairly and adequately protect the interests of the class.

■ Connerwood does not challenge the adequacy of the representation requirement.[4] Rather, Connerwood argues that there is insufficient evidence of numerosity, commonality and typicality.[5]

### A.  Numerosity

■ Connerwood first argues that Herron has failed to demonstrate that the class is so numerous that joinder of all members is impracticable. In particular, Connerwood insists that "[l]ess than 40 potential class members does not satisfy the numerosity requirement."

■ We observe that the Indiana State Department of Health conducted an investigation of the food poisoning incident. The Department's report indicates that 70 residents became ill after having been served scrambled eggs. At the time of the report, 34 residents were culture positive for salmonella enteritidis. Whether the actual number of persons affected is 34 or 70, the numerosity prerequisite is not simply a test of numbers. *McCart*, 652 N.E.2d at 83. The real inquiry under the rule is whether joinder would be impractical. T.R. 23(A)(1); *see Chandler v. Southwest Jeep–Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D.Ill.1995) (numerosity analysis does not rest on magic number but permissive joinder is usually deemed impracticable where class members number 40 or more). That inquiry requires the court to consider judicial economy and the ability of

---

**3.**  Indiana's rule follows the federal rule with two exceptions. Indiana's rule requires that a hearing be held on the certification issue, Ind. Trial Rule 23(C)(1), and it includes an express provision concerning the allowance of attorney's fees. Ind. Trial Rule 23(D); *Bowen v. Sonnenburg*, 411 N.E.2d 390, 397 n. 6 (Ind.Ct.App.1980).

**4.**  Under the adequacy of representation requirement: (1) the chosen class representative cannot have antagonistic or conflicting claims with other members of the class; (2) the named representative must have a "sufficient interest in the outcome to ensure vigorous advocacy," and (3) counsel for the named plaintiff must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously. *Chandler v. Southwest Jeep–Eagle, Inc.*, 162 F.R.D. 302, 309 (N.D.Ill.1995) (citations omitted). At oral argument, Connerwood did not contest class counsel's competence but claimed that Herron's wrongful death claim was incompatible with the claims of those who suffered only personal injuries. This argument is considered under the subject "Commonality and Typicality."

**5.**  Herron argues that the class action certification is conditional and that, after discovery, the trial court may decertify the class. Rule 23(C)(1) contemplates early action by the court so that the factual record is likely to be incomplete. *Kuespert v. State*, 177 Ind.App. 142, 150, 378 N.E.2d 888, 893 (1978), *trans. denied.* Consequently, a class action certification is subject to change before a decision on the merits. *Id.* Nevertheless, Rule 23 does not alter the standard when the court conditionally certificates a class action. In all cases, the plaintiffs must demonstrate the statutory prerequisites.

the class members to institute individual suits. *CSX Transp.*, 646 N.E.2d at 1007.

Here, the trial court found, "[G]iven the age and physical condition of many of [Connerwood's] residents" affected by the food poisoning, certification was appropriate in order to "fairly and adequately protect the interests of this class." The Executive Director of Connerwood's facility testified that most of the residents are elderly and infirm. Some are unable to handle their own affairs. The evidence supports the conclusion that potential class members would be unable to protect their interests and pursue remedies on an individual basis. This favors class certification even where the number of class members is relatively small. We conclude that there is sufficient evidence that joinder of all members of the proposed class would be impracticable.

### B. Commonality and Typicality

■ The trial rule also requires that there be questions of law or fact common to the class, T.R. 23(A)(2), and that the claims or defenses of the representative parties are typical of the claims or defenses of the class. T.R. 23(A)(3). The commonality prerequisite focuses on the characteristics of the class. *Matter of Tina T.*, 579 N.E.2d 48, 54 (Ind. 1991). This requirement is satisfied if the individual plaintiffs' claims are derived from a common nucleus of operative fact, described as a common course of conduct. *Edward D. Jones*, 643 N.E.2d at 405. Here, Herron claims that the negligent use and preparation of nonpasteurized egg products caused the food poisoning. This constitutes a common course of conduct and satisfies the commonality requirement.

■ In contrast, typicality focuses on the desired characteristics of the class representative. *Matter of Tina T.*, 579 N.E.2d at 54. The gravamen of Connerwood's argument is that Herron's claim for wrongful death is shared by only two other residents while the claims of the other residents are based on common law negligence. Connerwood also argues that the derivative claims of Herron's surviving adult daughters are different in kind and degree from those of other class members.

■ Subdivision (A)(3) does not require a showing that all plaintiffs' claims be identical. *Edward D. Jones*, 643 N.E.2d at 407. The element is satisfied if the representative plaintiffs' claims are neither in conflict with nor antagonistic to the class as a whole. *Id.* The cause of action in this case rests on a single course of conduct from which all damages flow, that is, Connerwood's allegedly negligent behavior. The factual and legal issues of Connerwood's liability do not differ dramatically from one plaintiff to another. As the Ninth Circuit stated:

> In the typical mass tort situation, such as an airplane crash or a cruise ship *food poisoning*, proximate cause can be determined on a class-wide basis because the cause of the common disaster is the same for each of the plaintiffs.

*In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 853 (9th Cir.1982), *cert. denied*, 459 U.S. 1171, 103 S.Ct. 817, 74 L.Ed.2d 1015 (1983) (emphasis added). The wrongful death claims, based upon statute, and the personal injury claims, based upon the common law, are not incompatible. In the words of the United States Supreme Court, "Death is the supreme personal injury." *American Stevedores, Inc. v. Porello*, 330 U.S. 446, 460, 67 S.Ct. 847, 854, 91 L.Ed. 1011, 1022 (1946); *see, e.g., In re Joint Eastern and Southern Dists. Asbestos Litig.*, 78 F.3d 764 (2nd Cir. 1996) (class action included both wrongful death and personal injury claims based upon asbestos exposure). In sum, Herron's wrongful death claim neither conflicts with nor is antagonistic to the claims of other class members.

We agree with Connerwood that the alleged damages to class members differ in this case. Some residents suffered only one symptom of salmonella infection while three residents allegedly died from the outbreak. However, this disparity does not prevent a class action on the common questions. *See Bank One Indianapolis, N.A. v. Norton*, 557 N.E.2d 1038, 1042 (Ind.Ct.App.1990). We conclude that the evidence supports findings of commonality and typicality.

## II. Indiana Trial Rule 23(B)

Herron must also establish that the action satisfies at least one of the three subdivisions outlined in Indiana Trial Rule 23(B). In the complaint, Herron sought certification under Rule 23(B)(1). The trial court heard argument and then found that the plaintiffs satisfied both Rule 23(B)(1) and Rule 23(B)(3).[6] The subdivisions do not represent mutually exclusive categories. However, different consequences attend each provision.

### A. Rule 23(B)(1)

■ Under Rule 23(B)(1), a class action may be maintained if the prerequisites of Rule 23(A) are satisfied and, in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of:

(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. . . .

T.R. 23(B)(1). This rule is mandatory in that prospective class members in a class action certified under the rule are bound without exclusion. *See Bowen v. Sonnenburg*, 411 N.E.2d 390, 400 (Ind.Ct.App.1980). Pursuant to Rule 23(B)(1)(a), there must be an actual risk that separate actions will be brought. *Id.* at 398. In addition, the action must pose the serious risk of a "conflicted position" for the party opposing the class. *Id.* (citation omitted). This implies more than a risk that, in separate actions, the opposing party would be obliged to pay damages to some class members but not to others. *Id.*

The present record does not demonstrate an actual risk that many separate actions would be filed. The age and physical condition of the nursing home residents make it unlikely that they would assert their own rights individually. Neither has Herron shown that Connerwood would suffer conflicting positions if individual actions were instituted. The only conflict demonstrated is that, in their individual suits, some plaintiffs may prevail while others may not. The requirements of Rule 23(B)(1)(a) are not satisfied.

■ Under Rule 23(B)(1)(b), it is not necessary to demonstrate the likelihood of separate actions. *Id.* Nevertheless, Herron must demonstrate that adjudications with respect to those present in the suit would be dispositive or impair or impede absent members' ability to protect their own interests. T.R. 23(B)(1)(b); *Bowen*, 411 N.E.2d at 398–99. The requirements of the rule have not been met "if the only practical effect the action would have on the interests of other members of the class is the stare decisis effect on actions filed in the same jurisdiction, or the complexity and expense existing if no prior action had been brought." *Bowen*, 411 N.E.2d at 399 (citations omitted). Again, there is no evidence that the residents' ability to protect their own interests would be impaired by Herron's adjudication. We conclude that Herron has not met her burden of showing that the case should be certified as a class action under Rule 23(B)(1).

### B. Rule 23(B)(3)

■ The trial court also certified this action under Rule 23(B)(3). A class action may be maintained under this subdivision when:

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudica-

---

6. We have stated that, when an action is maintainable under more than one subdivision, a trial court should certify it under Rule 23(B)(1) or (B)(2) rather than Rule 23(B)(3). *Independence Hill Conservancy Dist. v. Sterley*, 666 N.E.2d 978, 982 (Ind.Ct.App.1996). Because of our disposition of this case, we need not consider whether the trial court should have certified the case under Rule 23(B)(1) only.

tion of the controversy. The matters pertinent to the findings include:

(a) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

(c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;

(d) the difficulties likely to be encountered in the management of a class action.

T.R. 23(B)(3). Members in a class action certified under this provision are entitled to receive "the best notice practicable under the circumstances" and may opt out of the litigation if they so request within a fixed time. Ind. Trial Rule 23(C)(2); *Independence Hill Conservancy Dist. v. Sterley,* 666 N.E.2d 978, 982 (Ind.Ct.App.1996); *Bowen,* 411 N.E.2d at 399. The cost of providing the necessary notice must initially be borne by those asserting class status. *Bowen,* 411 N.E.2d at 399.

Considerable overlap exists between Rule 23(A)(2)'s commonality prerequisite and Rule 23(B)(3). *Chandler,* 162 F.R.D. at 309. Rule 23(A)(2) requires that common questions exist while Rule 23(B)(3) requires that they predominate. *Id.*; *see Amchem Prod., Inc. v. Windsor,* ── U.S. ──, ──, 117 S.Ct. 2231, 2248, 138 L.Ed.2d 689 (1997) (predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation). In addition, Rule 23(B)(3) requires that class action treatment be superior to other available methods of adjudication.

Here, there is evidence to support a finding that questions of fact or law predominate over questions affecting only individual residents and that class action treatment is a superior method of adjudication. The potential class members are elderly and medically compromised and may be incapable of exercising their own rights. This action originates from common operative facts, and both state and federal courts have determined that class action treatment is appropriate for a mass tort such as a food poisoning. *See, e.g., McFadden v. Staley,* 687 So.2d 357, 359–60 (Fla.Dist.Ct.App.1997) (citing cases). Considering these factors, we hold that the court properly certified the class action pursuant to Rule 23(B)(3).

## CONCLUSION

The evidence most favorable to the order and the reasonable inferences drawn therefrom demonstrate that there is substantial evidence of numerosity, commonality and typicality. The evidence also supports class action certification under Trial Rule 23(B)(3). However, Herron has not met her burden of demonstrating the propriety of class certification under Trial Rule 23(B)(1). We affirm the trial court's certification of the case as a class action under Trial Rule 23(B)(3) and reverse the court's order as it relates to Trial Rule 23(B)(1).

Affirmed in part and reversed in part.

BAKER and GARRARD, JJ., concur.