WASHINGTON ET AL. *v.* CHRYSLER CORPORATION ET AL.

[No. 20,030. Filed September 3, 1964. Rehearing denied November 20, 1964. Transfer denied September 9, 1965.]

*John C. Ruckelshaus, William D. Ruckelshaus*, and *Ruckelshaus, Bobbitt & O'Connor*, of Indianapolis, and *Gerald Rybolt*, of Counsel, of Kokomo, for appellants.

*G. Richard Ellis* and *Ellis & Kinsey*, of Kokomo, for appellee, Chrysler Corporation, and *Lynnville G. Miles*, of Indianapolis, for appellees.

PER CURIAM.—This appeal comes to us from the Howard Circuit Court wherein the appellants, O. R. Washington, M. H. Hudson, et al., individually and as representatives of a class, brought an action seeking a declaratory judgment. The appellants' complaint, omitting the caption and formal parts, reads as follows:

"The plaintiffs, for their complaint against the defendants, allege and say, that:

"1. Plaintiffs, and each of them, are employees of the defendant Chrysler Corporation, and they bring this action on behalf of themselves and all other employees of said defendant working at its Reed Road Plant, Kokomo, Indiana.

"2. The International Union, United Automobile Aircraft and Agricultural Implement Workers of America (U.A.W.), hereinafter referred to as 'International Union,' is an unincorporated association affiliated with the A.F. of L.—C.I.O., which Labor Union represents employees of the defendant Chrysler Corporation and other employees in collective bargaining. The defendant Local Union No. 685, International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (U.A.W.), hereinafter called 'Local Union', is an unincorporated association, chartered by and a part of and an affiliate of said International Union, and it represents employees of the defendant Chrysler Corporation in collective bargaining at its Reed Road Plant, Kokomo, Indiana.

"3. The membership of said International Union is so numerous that it is impractical to bring all its

members before the Court; the defendant Pat Murphy is a member of the International Union and its local representative who will insure adequate representation of said International Union in this litigation.

"4. The defendant Local Union has so many members that it is impractical to bring them all before the Court; the defendant, James M. Drury is its president, the defendant Lester L. McCord is its financial secretary, and the defendant Wilbur Hudson is its recording secretary of such Local Union. Such individual defendants are representatives of said Local Union, sufficient to fairly insure its adequate representation in this litigation.

"5. The defendants International and Local Unions and the defendant corporation have entered into a contract by the terms of which it is made a condition of employment that all members who do not desire to become or remain members of said Local Union at said Reed Road Plant shall pay, nevertheless, to said Unions as a condition of employment such amounts that are equal to the periodic membership dues and initiation fees for and during the existence of said contract. This clause of said management Union contract referred to above became effective on or about November 2, 1961; one of said clauses in such contract reads as follows:

"(26) Conflict with State Law

"(a) Notwithstanding the other provisions of this agreement an employee shall not be required to become a member of or continue membership in the Union, as a condition of employment, if employed in any state that prohibits or otherwise makes unlawful membership in a labor organizations as a condition of employment.

"(b) If and when an appellate court of any such state shall hold by final judgment or decree not subject to further review that an employer and a union may, by agreement, require employees of plants located in such state, as a condition of employment, to pay to a union amounts that are equivalent to the periodic membership dues and initiation fees uniformly required as a condition of acquiring or retaining

membership in the union or a statute of any such state shall expressly so provide then, and in either event, employees of plants in such state who are covered by this Agreement on the date when such judgment or decree becomes final, or such statute becomes effective, shall, as a condition of employment, pay to the union such amounts that are equivalent to the periodic membership dues and "initiation fees on or before the tenth (10th) day after the thirtieth (30th) day following said date, and employees hired, rehired, reinstated, or transferred into such plants after said date and who are covered by said Agreement, shall, as a condition of employment, pay to the Union such amounts that are equivalent to the periodic membership dues and initiation fees on or before the tenth (10th) day after the thirtieth (30th) day after the beginning of their employment in such plant. Employees who tender amounts equal to said membership dues and, if not already a member, initiation fees, and who are not more than sixty (60) days in arrears in paying the equivalent of periodic dues, shall be deemed to have met the conditions of Section 9 of this Agreement. If such final judgment or decree, as described above, is later reversed or otherwise modified or nullified, or if the laws of any such state are later amended or are construed by that state's highest court to prohibit arrangements such as this Paragraph provides, this Paragraph of this Agreement shall terminate. Otherwise, it shall continue in full force and effect until the expiration of this Agreement.

"(c) If a final judgment or decree of an appellate court of any such state not subject to further review holds that an employer and a union may not enter into such an agreement as Paragraph (b), above, described, and if any such judgment or decree is later reversed, overruled or otherwise modified or nullified so as to permit such an agreement, "or if the laws of any such state are later amended or are construed by that state's highest court so as to permit arrangements such as said Paragraph (b) described, then in any such event the requirements

of said Paragraph (b), within the time limits therein set forth, shall apply to plants in such state as of the date of such event.

"6. In accordance with such contract any and all employees who do not join the defendant Union will thereafter be subject to discharge in accordance with the terms of such contract referred to above. All employees who do not join said Union, nevertheless, will thereafter be compelled to pay an amount equal to dues and initiation fees against their will, future amounts over which they will have no control.

"7. The plaintiffs consist of employees of the defendant Chrysler Corporation which such employees disapprove of such contract clause commonly called 'agency shop'; plaintiffs withdraw from said Union because of disapproval of compulsory Union security practices; plaintiffs have joined the Union since the execution of said contract in order to protect their jobs, and have been forced to pay an amount equal to the initiation fee and periodic dues required by said 'agency shop' clause in order to protect their seniority and hold their jobs with defendant company in order to support and maintain themselves and their families. The plaintiffs, and each of them, believe that they should have the legal right to work for any employer who desires their services without being forced to pay money to labor organizations and without their employer coercing them into joining a labor organization and without being compelled to pay dues for the support and maintenance of any organization or organizations or which they are conscientiously opposed on political, social, or other grounds.

"8. Plaintiffs further state that said 'agency shop' clause is illegal and void under the laws and the Constitution of the State of Indiana, and the United States because it deprives them, and all persons similarly situated, of the free right to work where they choose and permits an employer to require his employees to associate themselves with other employees against their will, and that "by such action the plaintiffs are compelled to make money contributions through such Union

which in turn supports financially a political organization or group to which they are opposed.

"9. In so contracting and acting the defendants are infringing upon and violating plaintiffs' freedom of association and their right to join or not to join organizations, all as protected by the Indiana law commonly referred to as 'Right-to-Work Law', Burns Indiana Annotated Statutes, Sec. 40-2701 to 40-2705.

"10. In the event this Court does not declare this said 'agency shop' clause referred to above illegal, void, and of no force and effect, the plaintiffs and other persons similarly situated who are not yet members of the Union will be required to either join said Union to their irreparable harm and damage, or be required to give tribute to and assist said Union in the form of fees and monetary payments equivalent to initiation fees and periodic dues.

"WHEREFORE, plaintiffs pray that the Court declare said 'agency shop' clause void and illegal in the State of Indiana as contrary to the laws, Constitution and public policy of said State, and that the Court decree that any of the plaintiffs or other persons similarly situated who have already joined or who may hereafter join, or who have paid or may hereafter pay to said Union the equivalent of initiation fees and periodic dues because of said 'agency shop' clause be permitted to either withdraw from said Union or refrain from paying said sums equal to initiation fees and periodic dues without loss of any of their rights as employees of the defendant Chrysler Corporation, and that the defendant Unions be required at the same time to refund them all monies, including initiation fees and periodic dues, heretofore paid by them to said Union as a result of said 'agency shop' clause, and for all other just and proper relief in the premises."

The appellee, Chrysler Corporation, as one of the defendants, filed its demurrer to the appellants' complaint, averring in substance that said complaint does

not state facts sufficient to constitute a cause of action against it.

The other defendants-appellees, Pat Murphy, et al., individually and as members and representatives of the International Union, United Automobile Aircraft and Agricultural Implement Workers of America (U.A.W.) Local Union Number 685, filed answer in abatement challenging the jurisdiction of the trial court over the subject matter of the action.

It affirmatively appears from the record now before us that the Howard Circuit Court on the 12th day of December, 1962, sustained the demurrer filed by the defendant-appellee, Chrysler Corporation, and, on the 8th day of April, 1963, entered the following final judgment:

> "Come now the parties by their counsel and the demurrer of the defendant Chrysler Corporation to the plaintiffs' complaint having been sustained, and the plaintiffs failing and refusing to amend their complaint or plead further, abide said ruling, and the court renders judgment on the demurrer.
>
> "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court that the plaintiffs take nothing by this action, and that the defendants recover of the plaintiffs their costs and charges in this cause laid out and expended."

The assignment of errors and the transcript of record were filed with the Clerk of this Court on the 23rd day of July, 1963. One of the appellants' assignments of error is that, "The court erred in sustaining the defendant's, Chrysler Corporation's, demurrer to the complaint".

The assignment of errors and transcript of record as to the defendant Chrysler Corporation were not filed in the Office of the Clerk of the Supreme Court

within ninety (90) days from the date of the judgment as provided for by Rule 2-2 of the Supreme Court.

It is true that there are numerous early cases which have held that a judgment is not appealable until it disposes of *all issues* as to *all parties* in the case. However, recent cases, decided by both the Supreme Court and this court have uniformly held that a judgment may be final and appealable even if it does not dispose of all the issues as to all the parties in the trial court, provided it disposes of "a distinct and definite branch" of litigation.

In the case of *Bozovichar* v. *State* (1952), 230 Ind. 358, 363, 103 N. E. 2d, 680, the Supreme Court stated the rule as follows:

"There are cases wherein an issue distinct, entire and complete within itself may be formed; an issue divisible and distinct from all others, the decision of which does not affect the main action. Where an order completely puts an end to the particular issue and fully and finally settles the rights of the parties as to it, then it may be considered as a final judgment and not as a non-appealable interlocutory order. Elliot's Appellate Procedure, §99, p. 79." *Guthrie* v. *Blakely et al.* (1955) 234 Ind. 167, 125 N. E. 2d 437; §2153, ch. 41, p. 37, #11, Flanagan, Wiltrout & Hamilton's, Indiana Trial and Appellate Practice, 1963 pocket supp.; *Smith* v. *State* (1956) 234 Ind. 691, 695, 131 N. E. 2d 148.

It is the general rule of law that appeals and reviews must be taken within the time limited unless extraordinary circumstances exist. Unless a transcript of record and the assignment of errors are filed within the time limited, the appeal will be dismissed. Many cases hold that timely filing is said to be a jurisdictional act. See *Bowers, et al.* v. *Thornburg, et al.* (1961) 242 Ind. 272, 177 N. E. 2d

665, and §2471, Flanagan, Wiltrout & Hamilton's, Indiana Trial and Appellate Practice, pocket supp. and authorities therein-cited.

In the absence of any claim or assertion to the contrary, we must *"impute verity"* to the trial court's findings, i. e., (1) that the appellants failed and refused to amend their complaint or plead further and (2) abided by the ruling of the trial court in sustaining the demurrer of the Chrysler Corporation and entering consistent judgment thereon for said Corporation on the 8th day of April, 1963. Further, inasmuch as the filing of the assignment of errors and the transcript of record as to appellee (defendant) Chrysler Corporation on the 23rd day of July, 1963, was more than ninety (90) days from the date of said judgment, said filing was not in compliance with Rule 2-2 of the Supreme Court, and therefore was not in season and presents no question to this court. The appeal as to appellee Chrysler Corporation should be dismissed.

It is apparent from the record now before us that the pertinent part of the remaining appellees', Pat Murphy, et al., plea in abatement with which we are concerned is their rhetorical paragraph 8, reading as follows:

"8. The defendants further would show the Court that the matters and allegations contained in the plaintiffs' complaint, if true, constitute an unfair labor practice that is prohibited by the 'Labor Management Relations Act, 1947' as amended and particularly by Section 8(a) and 8(b) thereof; and that sole jurisdiction over such matters is with the National Labor Relations Board of the Courts of the United States."

To the foregoing, the appellants filed their demurrer, averring, in substance, that the plea in abatement does not state facts sufficient to abate the action.

The trial court overruled the demurrer of the plaintiffs to said plea in abatement filed by said appellees, Pat Murphy, et al. Thereafter the appellants filed appropriate answer to said plea in abatement, admitting the allegations therein contained, with the exception of paragraph 8 thereof, which we have heretofore set forth.

It appears that after hearing evidence on the issue made on the plea in abatement, the trial court sustained the plea and rendered the following judgment thereon:

"This cause being at issue on the answer of defendants Pat Murphy, James M. Drury, Lester L. McCord and Wilbur Hudson plea in abatement is submitted to the court for trial thereon, and the court having heard the evidence and the argument of counsel, and being duly advised in the premises finds for the defendants Pat Murphy, James M. Drury, Lester L. McCord and Wilbur Hudson as named in the complaint on said issue, and that the allegations of said plea in abatement are true.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court that this action abate as to the defendants, Pat Murphy, James M. Drury, Lester L. McCord and Wilbur Hudson as named in the complaint, and that the defendants Pat Murphy, James M. Drury, Lester L. McCord and Wilbur Hudson as named in the complaint recover of the plaintiffs their costs and charges herein laid out and expended."

The sole question we are required to answer is whether the Howard Circuit Court, rather than the National Labor Relations Board, was the proper tribunal with jurisdiction to determine the class action now before us wherein the appellants sought declaratory injunctive and financial relief. It is apparent from the judgment entered by the trial court that he assumed that the jurisdiction under the issues rested solely in

the National Labor Relations Board and not in a state tribunal.

In reviewing the authorities, we are of the opinion that the trial court was in error in overruling the appellants' demurrer to the appellees' plea in abatement. We find that while this appeal was pending, the Supreme Court of the United States decided this precise question in the case of *Retail Clerks International Association, Local 1625, AFL-CIO et al.* v. *Alberta Schermerhorn et al.,* (1963) 11 L. Ed. 2d, 179. The Supreme Court held, in substance, that the National Congress in 1947, under the Taft-Hartley Law, did not deprive the states of any and all powers to enforce their laws restricting the execution and enforcement of union security agreements; that since it is plain that Congress left the states free to legislate in that field that the Supreme Court could only assume that it intended to leave unaffected the power and authority to enforce such laws, and that the state courts, rather than the National Labor Relations Board, had jurisdiction to afford a remedy for the enforcement of a state's prohibition against a union security agreement, such as an "agency shop" clause in a bargaining agreement.

In view of what we have heretofore stated and the holding of the Supreme Court of the United States in the *Retail Clerks* v. *Schermerhorn case, supra,* we are of the opinion that the trial court erred in sustaining and rendering judgment on the said appellees' plea in abatement. Judgment as to defendant, Pat Murphy, et al. rendered on the issue created by the answer in abatement should be reversed.

The result which we have reached renders it unnecessary to pass upon the appellants' attack upon the propriety of the decision reached in the case of

*Meade Electric Co., etc.* v. *Hagberg, etc.* (1959) 129 Ind. App. 631, 159 N. E. 2d 408. See Flanagan, Wiltrout & Hamilton's, Indiana Trial and Appellate Practice, §2782 pocket supp., and authorities therein cited. However, since this question may arise on the re-trial, it seems appropriate to suggest that this court iterates the language and the conclusion as stated by Judge Kelley for this court in the Meade case, *supra.* While many courts appear to have cast aside and to have struck down the ancient doctrine of *stare decisis* in order to justify a temporary departure from controlling precedent or to overcome a road block to their consciences, we express the stern conviction that said doctrine has, or ought to have the puissance to thwart timid jurists from leading us into a further disorganized society, the result of which necessarily might mean and bring to such a society judicial decrees based upon what is, or might be considered to be expediency.

The result reached in the Meade case, *supra,* wherein the legality of the "agency shop" clause in a labor contract under the present Indiana Right-to-Work Law was upheld by this court, was noted, commented upon, and left unaffected by the Supreme Court of the United States in the case of *National Labor Relations Board* v. *General Motors* (1963); 373 U. S. 734, 83 S. Ct. 1453. We therefore reaffirm the Meade case.

If the "agency shop" clause in a labor contract under the present Indiana Right-to-Work Law is to be declared illegal or unlawful, it will have to be by legislative action, as this court will not attempt to do it by judicial fiat. We pertinently note that two sessions of the Indiana General Assembly have met and adjourned since the opinion in the Meade case, *supra,* was decided, and the legislature has not seen fit to amend the Act.

The appeal from the judgment entered for the Chrysler Corporation on its demurrer to the appellants' complaint is dismissed.

The trial court's judgment on the issues presented by the plea in abatement and the demurrer thereto is now by this court reversed, and this cause is remanded to the trial court with instructions to set aside and vacate said judgment and for further proceedings not inconsistent with this opinion.

Carson, J., Cooper, J., Faulconer, P. J., Hunter, C. J., Kelley, J., Mote, J., Pfaff, J., Ryan, J.

All members participating and concurring.

NOTE.—Reported in 200 N. E. 2d 883.