Albert Lee **BERRY**, Appellant
(Plaintiff below),

v.

Nathaniel P. **HUFFMAN**, Appellee
(Defendant below).

No. 39S01–9411–CV–1144.

Supreme Court of Indiana.

Nov. 30, 1994.

Darrell M. Auxier, Jenner & Auxier, Madison, Jon W. Ackerson, Triplett, Jennings & Ackerson, Louisville, KY, for appellant.

Patrick W. Harrison, Beck & Harrison, Columbus, for appellee.

SHEPARD, Chief Justice.

There was a time when an order or judgment as to less than all of the issues, claims, or parties in an action became final and

appealable as of right because it disposed of "a distinct and definite branch" of the litigation. We hold that Indiana Trial Rules 54(B) and 56(C) superseded the distinct and definite branch doctrine of finality and that such appeals may now proceed only by leave of court.

### Facts and Case History

Appellant Albert Lee Berry was an officer, director, and one of five stockholders of the Scott County Stone Company, Inc. ("SCS"). Appellee Nathaniel P. Huffman was a major stockholder in SCS, as well as its president, chief operating officer, and a member of its board of directors. In 1990, Berry sued Huffman for alleged misdeeds during the sale of SCS. In August 1991, the trial court granted summary judgment against Berry but permitted an intervenor to continue with her claim of fraud against Huffman. Although the court did not expressly certify its order, Berry filed a praecipe. Two months later, Berry thought better of this course of action and sought leave to withdraw the praecipe on the ground that the trial court's order was not final and appealable. The court agreed, and Berry withdrew the praecipe.[1]

On March 5, 1993, the trial court dismissed the intervenor's claim with prejudice. Berry then filed a motion to correct errors, which was overruled by the trial court on April 6. Twenty-nine days later, on May 5, Berry filed his second praecipe, and on August 3, the record of proceedings was filed in the Court of Appeals. Before briefs were completed, Huffman moved to dismiss the appeal as untimely. The Court of Appeals agreed and ordered a dismissal. Subsequent petitions for reconsideration and rehearing were also denied. Berry now requests transfer to this Court. He argues that because the trial court did not certify its summary judgment for appeal as required by Trial Rule 56(C), the order was not appealable until final judgment was entered in March 1993. We agree,

grant transfer, and hold that Berry's appeal was timely.

As a threshold matter, Huffman argues that Berry had no right to rehearing, and therefore, no right to seek transfer. While it is true that a rehearing may be had only after a decision on the merits, *State ex rel. Crumpacker v. Lake Super. Ct.* (1979), 270 Ind. 413, 386 N.E.2d 663, a petition for rehearing is no longer a prerequisite for transfer. In 1988, we amended Ind.Appellate Rule 11(B), permitting parties to seek transfer "without first filing a petition for rehearing in the Court of Appeals and having it denied." We grant Berry's petition to transfer.

### "Distinct and Definite Branch"

Turning to the question presented, Huffman argues that the August 1991, partial summary judgment was final and appealable and that Berry missed the deadlines for filing the motion to correct errors, Ind.T.R. 59(C), the praecipe, App.R. 2(A), and the record of the proceedings, App.R. 3(B). Berry concedes that if the judgment was final, his appeal was not timely, and the Court of Appeals was right to dismiss.

Huffman relies on the doctrine of finality employed prior to the adoption of the Indiana Rules of Trial Procedure in 1970. Indiana case law held that a judgment was final and appealable even if it did not dispose of all the issues as to all the parties, so long as it disposed of "a distinct and definite branch of the litigation". *See, e.g., Guthrie v. Blakely* (1955), 234 Ind. 167, 125 N.E.2d 437. In multiparty litigation, this meant that an order finally determining all of the issues and claims raised by one of the parties was final. If that party failed to perfect a timely appeal from that judgment, he lost his right to appeal. *See Washington v. Chrysler Corp.* (1964), 137 Ind.App. 482, 200 N.E.2d 883.

This scheme, however, often left litigants uncertain whether to pursue an appeal that

---

1. Berry timely petitioned the Court of Appeals to supplement the record with the first praecipe, the motion to withdraw the praecipe, the judge's order granting withdrawal, and the withdrawal itself. The trial court prepared the supplement and transmitted it to the Clerk's office. The Court of Appeals, however, dismissed the appeal without ruling on Berry's petition. In the interests of time and judicial efficiency, we now grant Berry's petition to supplement the record. Ind.Appellate Rule 7.2(C)(2).

might be dismissed as premature or risk losing their right of appeal altogether. Following the federal model, we adopted Indiana Trial Rules 54(B) and 56(C) in an effort to provide greater certainty to the parties and to strike an appropriate balance between the interest in the speedy review of certain judgments and the inefficiencies of piecemeal appeals. *See* 3 William F. Harvey, *Indiana Practice: Rules of Procedure Annotated* § 54.2 at 480–82 (2nd ed. 1988 & Supp.1993).

Trial Rule 54(B) defines the procedure for entering a final judgment as to less than all of the issues, claims, or parties in an action. According to this rule, a judgment as to less than all of the parties is final only when the court in writing expressly determines that there is no just reason for delay and expressly directs entry of judgment. The rule explicitly states that, absent certification, the judgment "shall not terminate the action as to any of the claims or parties" and "is not final." Similarly, T.R. 56(C) states that partial summary judgments are interlocutory unless the trial judge expressly determines in writing that there is not just reason for delay and expressly directs entry of judgment as to less than all the issues, claims, or parties.

These rules provide useful certainty to the parties and place the discretion with the person in the best position to determine the finality of a trial court's order or judgment— the trial judge. *Cf.* Charles A. Wright, *The Law of the Federal Courts* § 101, at 699–701 (4th ed. 1983) (tracing development of Fed. R.Civ.P. 54(b)). If the judge does not expressly certify the order as final, the parties know that they need not appeal. If the order is certified, the parties must take a timely appeal.

Huffman contends, however, that the distinct and definite branch doctrine of finality survived the adoption of the Trial Rules. He cites a case decided soon after the rules went into effect, *Richards v. Crown Point Community School Corp.* (1971), 256 Ind. 347, 269 N.E.2d 5, in which we held that a partial summary judgment settling a distinct and definite branch of the litigation, was final and could be appealed if the party filed a motion to correct errors. While the parties to that appeal did not raise the applicability of the new Trial Rules, effective only four months when that appeal was docketed, there was at least an implication that "distinct and definite" might still be viable.

We hold today that the certification requirements of Trial Rules 54(B) and 56(C) supersede the distinct and definite branch doctrine. *Accord Stanray Corp. v. Horizon Construction, Inc.* (1976), 168 Ind.App. 164, 342 N.E.2d 645 (same); *see also Evansville–Vanderburgh School Corp. v. Evansville Teachers Ass'n* (1986), Ind.App., 494 N.E.2d 321. Judgments or orders as to less than all of the issues, claims, or parties remain interlocutory until expressly certified as final by the trial judge. To the extent that *Richards* and other cases support the distinct and definite branch doctrine, they are overruled. Were we to hold otherwise, litigants would again be left to guess whether or not a given order was appealable. This is precisely the situation that T.R. 54(B) and 56(C) were drafted and adopted to prevent.

In this case, the trial judge did not expressly find that there was no just reason for delay or expressly enter final judgment against Berry. Order Granting Partial Summary Judgment, No. 39C01–9001–CP–40 (Jefferson Cir.Ct. Aug. 9, 1991). R. at 270–71. To the contrary, the judge expressly found that the summary judgment was "not a final appealable order" and permitted Berry to withdraw his praecipe. Order, No. 39C01–9001–CP–40 (Jefferson Cir.Ct. Nov. 13, 1991). Sup.R. at 5.

### Conclusion

The appeal was timely filed. We remand the cause to the Court of Appeals so that briefing can be completed and the appeal resolved on the merits.

DeBRULER, GIVAN, DICKSON and SULLIVAN, JJ., concur.