James **MARTIN**, Mary Roman, Robert O'Drobinak and Henry Cornelius, Individually and on Behalf of All Others, Appellants/Class Representatives Below,

v.

AMOCO OIL COMPANY, Appellee/Defendant Below.

No. 56S03–9804–CV–242.

Supreme Court of Indiana.

June 29, 1998.

Saul I. Ruman, David W. Holub, David M. Hamacher, Hammond, Richard P. Komyatte, Highland, John W. Barce, Kentland, for Appellants.

Larry G. Evans, William F. Satterlee, III, F. Joseph Jaskowiak, Jack A. Kramer, Valparaiso, Patrick J. McManama, Crown Point, for Intervenors Joseph & Dorthea Zrnchik, et al.

James J. Neath, Amoco Oil Company, Chicago, Evan E. Steger, Indianapolis, Thomas F. Ryan, Timothy E. Kapshandy, Chicago, for Appellee.

SHEPARD, Chief Justice.

The Court of Appeals expressed doubt in this case about whether an order certifying a class action is interlocutory in nature or final upon entry and thus appealable as of right. We hold it is interlocutory.

## Procedural History

On February 1, 1991, appellant Robert O'Drobinak filed suit against Amoco Oil Company on behalf of himself and 500 residents of Whiting, Indiana. These claims originated from a notice from Amoco to the residents which warned of the possibility of underground oil migration onto their properties. Both Amoco and the plaintiffs moved to certify the class under Indiana Trial Rule 23(B)(1) on January 23, 1992. The court granted the motion on the same day.

Eight days later, attorney Richard Komyatte entered an appearance for a group of individuals who were at that time pursuing a separate suit in federal court based on the same alleged oil migration.[1]

On February 3, 1992, these individuals moved to vacate the class certification order. The court denied this and similar subsequent motions.[2] On March 25, 1992, Komyatte's clients filed a praecipe with the trial court clerk, ostensibly to appeal the class certification order, but they did not file the record with the Court of Appeals or otherwise pursue the appeal. Instead, they apparently chose to participate in the litigation as members of the class. Nearly a year and seven months later, the jury returned verdicts of not liable on all counts. The court entered final judgment on December 14, 1993. The trial court later granted plaintiffs' motions to correct error as to one claim, but it largely left the jury verdict intact.

On appeal, plaintiffs claimed, in part, that the trial court erred in certifying the class under T.R. 23(B)(1). Writing for the Court of Appeals, Judge Garrard held that they had knowingly waived their right to present the issue on appeal. *Martin v. Amoco Oil Co.*, 679 N.E.2d 139, 145 (Ind.App.1997). In so deciding, the court observed that, at the time the order was entered, Indiana law clearly stated that class certification orders were final and appealable. *Id.* (citing *American Cyanamid Co. v. Stephen*, 600 N.E.2d 1387 (Ind.Ct.App.1992)). It held that appellants had relinquished the opportunity for appeal that they possessed in 1992. It was correct to hold that at the time relevant to this appeal, class certification orders were final and appealable.

---

1. The federal suit is currently stayed pending the outcome of this appeal.

2. Eventually, the court ordered these plaintiffs to refrain from filing repetitive motions on the issue.

In coming to its conclusion, however, the court declined to ground its decision on the premise that class certification orders *remain today* final interlocutory orders, stating: "it is not clear after our supreme court's decision in *Berry v. Huffman*, 643 N.E.2d 327 (Ind.1994) whether class certification orders are final and appealable orders at the present time." *Martin*, 679 N.E.2d at 144. We granted transfer to clarify whether *Berry*, decided after the time relevant to this appeal, changed the law in this regard.

## Discussion

The Court of Appeals pondered whether this case could be distinguished from *Berry* on the ground that the trial court's judgment in *Berry* dealt with a motion for partial summary judgement under T.R. 56(C) while in the instant case the trial court granted motions for certification under T.R. 23(B)(1). For the purpose of determining the appealability of a trial court order, however, this distinction is without significance.

■ *Berry v. Huffman* was not a case about summary judgment or about class actions. It addressed the general appealability of orders under Trial Rules 54 and 56. As we said then:

> [T]he certification requirements of Trial Rules 54(B) and 56(C) supersede the distinct and definite branch doctrine. Judgments or orders as to less than all of the issues, claims, or parties remain interlocutory until expressly certified as final by the trial judge. To the extent that *Richards* and other cases support the distinct and definite branch doctrine, they are overruled. Were we to hold otherwise, litigants would again be left to guess whether or not a given order was appealable. This is precisely the situation that T.R. 54(B) and 56(C) were drafted and adopted to prevent.

*Berry*, 643 N.E.2d at 329 (citations omitted). This logic applies with equal force to class certification orders and, indeed, to all orders or judgments which are not "final" under the requirements of Trial Rule 54(B). Were this not so, the rule would undoubtedly be swallowed by its own exceptions. The distinct and different branch doctrine, superseded by our adoption of the Indiana Rules of Trial Procedure as explicitly stated in *Berry*, would live on in practice if not in word.

■ A judgment or order as to less than all of the issues, claims, or parties in an action may become final only by meeting the requirements of T.R. 54(B). These requirements are that the trial court, in writing, expressly determine that there is no just reason for delay and, in writing, expressly direct entry of judgment. T.R. 54(B); *Berry*, 643 N.E.2d at 329.

■ We adopted Rules 54(B) and 56(C), based on the federal model, in an effort to provide greater certainty to litigating parties and to strike an appropriate balance between the interests in allowing for speedy review of certain judgments and in avoiding the inefficiencies of piecemeal appeals. *Berry*, 643 N.E.2d at 329 (citing 3 William F. Harvey, Indiana Practice: Rules of Procedure Annotated § 54.2 at 480–82 (2nd ed. 1988 & Supp. 1993)). Unsatisfactory experiences with the common law "distinct and different branch of litigation" doctrine, which often lead to inefficient and unjust results, had much to do with the change. *Id.* at 328 (citing as examples *Guthrie v. Blakely*, 234 Ind. 167, 125 N.E.2d 437 (1955); *Washington v. Chrysler Corp.*, 137 Ind.App. 482, 200 N.E.2d 883 (1964).)

The formalistic (but bright line) approach to which we now adhere removes uncertainties about when a party should appeal, thus minimizing the risk that an appeal will be dismissed as premature or that the right to appeal will be inadvertently lost. Further, the rules place the discretion of deciding when the facts indicate that a judgment should be deemed final in the hands of the individual best able to make such decisions—the trial judge. *Id.*

To the extent that *Martin v. Amoco Oil Co.*, 679 N.E.2d 139 (Ind.App.1997) and other cases support the continuation of the distinct and definite branch doctrine, they are overruled.[3] Unless the trial court certifies its

---

**3.** Footnote two of *Connerwood Healthcare v. Estate of Herron*, 683 N.E.2d 1322 (Ind.Ct.App. 1997), stating "we agree [with the *Martin* court]

T.R. 23 determination as final under T.R. 54(B), it remains interlocutory. As we stated in *Berry:* "Were we to hold otherwise, litigants would again be left to guess whether or not a given order was appealable. This is precisely the situation that T.R. 54(B) and 56(C) were drafted and adopted to prevent." *Berry,* 643 N.E.2d at 329.

### Conclusion

 The Court of Appeals properly disposed of the claims in this appeal, and we summarily affirm on each claim. Ind. Appellate Rule 11(B)(3).[4] The trial court is affirmed in part and reversed in part in accord with the mandate of the Court of Appeals.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.

that class certification orders are final and appealable", is specifically disapproved.

4. We take this opportunity to re-explain the difference between the terms "summarily affirm" and "expressly adopt." Indiana Appellate Rule 11(B)(3) states in part:

> The opinion or memorandum decision of the Court of Appeals shall be final except where a petition to transfer has been granted by the Supreme Court. If transfer be granted, the judgment and opinion ... of the Court of Appeals shall thereupon be vacated and held for naught, except as to any portion thereof which is expressly adopted and incorporated by reference by the Supreme Court, and further, ex-

cept where summarily affirmed by the Supreme Court.

Often, as in this instance, this Court grants transfer to address only one of several issues addressed by a Court of Appeals' opinion. When this occurs, we use the term "summarily affirm" to indicate that we decline to review the remainder of the opinion. *McGowan v. State,* 674 N.E.2d 174 (Ind.1996). In essence, we partially deny transfer on these issues. *Id.* (citing *Kimberlin v. DeLong,* 637 N.E.2d 121, 123 (Ind.1994)). In contrast, the term "expressly adopt" indicates that we accept the reasoning of a Court of Appeals' opinion as our own.