FILED

Oct 06 2017, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Christopher P. Jeter
Massillamany & Jeter, LLP
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Mark D. Gerth
Michael E. Brown
Sarah A. Hurdle
Kightlinger & Gray, LLP
Indianapolis, Indiana

Crystal G. Rowe
Kightlinger & Gray, LLP
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Indy Auto Man, LLC, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Keown & Kratz, LLC, and Dustin Stohler, <br> *Appellees-Defendants.* | October 6, 2017 <br><br> Court of Appeals Case No. 29A02-1703-PL-551 <br><br> Appeal from the Hamilton Superior Court 4 <br><br> The Honorable J. Richard Campbell, Judge <br><br> Trial Court Cause No. 29D04-1507-PL-5455 |

**Mathias, Judge.**

[1] Indy Auto Man, LLC ("IAM") filed a complaint against Keown & Kratz, LLC ("K&K"), and Dustin Stohler ("Stohler"), alleging legal malpractice. K&K subsequently filed a motion for summary judgment, which the trial court

granted. IAM appeals and claims that there are genuine issues of material fact precluding summary judgment. We conclude *sua sponte* that the trial court's grant of summary judgment to K&K was not a final appealable order. Accordingly, we dismiss this appeal.

## Facts and Procedural History

For purposes of our discussion, we need not set forth a detailed statement of the facts underlying IAM's claim. But briefly, after being sued by two customers over the purchase of vehicles, IAM retained the services of attorney Stohler, who was then working, at least partly, for K&K. K&K claims that Stohler was employed only "of counsel,"[1] and that IAM was not a client of the firm. Stohler stopped showing up to work at K&K, and K&K allowed Stohler's mail to pile up, unopened, on his desk. Stohler failed to respond to discovery requests or the plaintiff's motion for default judgment in one of the cases.

IAM eventually received notice that a default judgment in the amount of $60,000 (which included treble damages) had been entered against IAM in one of the cases. IAM then hired another attorney, the same attorney who had initially recommended Stohler, to assist them in vacating or reducing the

---

[1] An attorney "of counsel" is defined as "1. A lawyer employed by a party in a case; esp., one who — although not the principal attorney of record — is employed to assist in the preparation or management of the case or in its presentation on appeal. 2. A lawyer who is affiliated with a law firm, though not as a member, partner, or associate." COUNSEL, Black's Law Dictionary (10th ed. 2014).

default judgments. IAM's new counsel was successful in settling the default judgment for $30,000 and settled the other case for $15,000.

[4] IAM then brought a legal malpractice claim against K&K and Stohler. The trial court's chronological case summary ("CCS") does not indicate that Stohler responded to this claim. K&K did respond, filing an answer that included a counter-claim for attorney fees. K&K subsequently moved for summary judgment, arguing that it did not owe a duty of care to IAM because IAM was not the firm's client and further argued that K&K had a limited agency relationship with Stohler that did not extend to Stohler's clients like IAM. IAM responded and filed its own cross-motion for summary judgment. The trial court held a summary judgment hearing and granted summary judgment in favor of K&K on IAM's claims and in favor of IAM on K&K's counter-claim for attorney fees, concluding that IAM's claims were not frivolous.

[5] Notably, the trial court's summary judgment order did not grant summary judgment in favor of Stohler; nor did the court's order include the "magic language" of Indiana Trial Rule 56(C), i.e. that there was no just reason for delay and expressly directing entry of judgment as to less than all the parties. IAM then filed a notice of appeal, initiating this appeal.

## Discussion and Decision

[6] This court has jurisdiction in all appeals from final judgments. *In re Estate of Botkins*, 970 N.E.2d 164, 166 (Ind. Ct. App. 2012) (citing Ind. Appellate Rule 5(A)). "A 'final judgment' is one which 'disposes of all claims as to all

parties[.]'" *Id.* (quoting App. R. 2(H)(1)); *see also Bueter v. Brinkman*, 776 N.E.2d 910, 912–13 (Ind. Ct. App. 2002) (a final judgment is one that "disposes of all issues as to all parties, to the full extent of the court to dispose of the same, and puts an end to the particular case" and "reserves no further question or direction for future determination.") (internal quotations and citations omitted). Whether an order is a final judgment governs the appellate court's subject matter jurisdiction. *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 757 (Ind. 2014) (citing *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003))[2]. The lack of appellate subject matter jurisdiction may be raised at any time, and where the

---

[2] We recognize that another panel of this court read our supreme court's recent case of *In re D.J. v. Indiana Dep't of Child Servs.*, 68 N.E.3d 574, 578 (Ind. 2017), as "effectively overrul[ing]" its prior holdings in *Ramsey v. Moore*, 959 N.E.2d 246 (Ind. 2012), and *Georgos v. Jackson*, 790 N.E.2d 448 (Ind. 2003). *Manley v. Zoeller*, 77 N.E.3d 1227, 1230–31 (Ind. Ct. App. 2017).

In *Georgos*, the court held that neither the parties nor the trial court can confer appellate jurisdiction over an order that is not appealable either as a final judgment or under deemed final under the "magic language" provision of Trial Rule 54(B). *Georgos*, 790 N.E.2d at 451. And in *Ramsey*, the court dismissed for lack of appellate jurisdiction even though a portion of the trial court's order contained the "magic language" from Trial Rule 54(B), because the "magic language" applied only to one portion of the trial court's order. *Ramsey*, 959 N.E.2d at 253.

In *In re D.J.*, the parents filed their notice of appeal from the trial court's non-final CHINS determination as opposed to the final dispositional order. 68 N.E.3d at 577. The court held that this rendered the parents' notice of appeal untimely, thereby forfeiting their right to appeal. *Id.* at 578. But this forfeiture did not deprive the appellate court of subject matter jurisdiction. *Id.* at 578–79. The court exercised its discretion to consider the merits of the appeal despite this forfeiture. *Id.* at 579.

Unlike the court in *Manley*, we do not read *In re D.J.* as altering the long-standing rule that appellate courts have no jurisdiction to consider non-final orders. *See John C. & Maureen G. Osborne Revocable Family Tr. v. Town of Long Beach*, 78 N.E.3d 680, 691 (Ind. Ct. App. 2017) (citing *Georgos* for the proposition that appellate courts have no jurisdiction over non-final orders, but concluding that the order before it was a final appealable order). Instead, we read *In re D.J.* as merely applying our supreme court's existing rule that the *timeliness* of a notice of appeal does not affect an appellate court's jurisdiction. *See In re Adoption of O.R.*, 16 N.E.3d 965, 970 (Ind. 2014).

parties do not raise the issue, this court may consider it *sua sponte*. *In re Estate of Botkins*, 970 N.E.2d at 166.

[7] Here, IAM's complaint named two defendants: Stohler and K&K. Only K&K filed a motion for summary judgment, and the trial court's order granting summary judgment granted judgment only as to K&K:

> For the reasons set forth above, the Court rules that the designated evidence shows that there is no genuine issue as to any material fact [and] that *K&K is entitled to summary judgment as a matter of law*. Furthermore, the Court denies IA[M]'s cross-motion for summary judgment. Furthermore, the Court on its own motion grants judgement against K&K and in favor of IA[M] on K&K's counterclaim.

Appellant's App. Vol. 2, p. 11 (emphasis added).

[8] Thus, even after granting summary judgment in favor of K&K, and granting summary judgment in favor of IAM on K&K's counter-claim, there was still one defendant against whom judgment had not yet been entered—Stohler. Our review of the trial court's CCS reveals no entry granting judgment either for or against Stohler. Thus, the trial court's summary judgment order granted judgment in favor of one of two parties. By definition, this order was not final because it did not "dispose[] of all claims as to all parties." App. R. 2(H)(1).

[9] An otherwise non-final judgment may be deemed final if:

> the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under

Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties[.]

Ind. App. Rule 2(H)(2). This is a reference to the following language in Trial Rule 56(C):

> A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is no just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties.

[10] Our supreme court has adopted a "bright line" rule with regard to the "magic language" provision of Trial Rule 54(B),[3] which is in substantially similar to the "magic language" provision of Trial Rule 56(C):

> In *Martin* [*v. Amoco Oil Co.*, 696 N.E.2d 383, 385 (Ind. 1998)], our supreme court adopted a "bright line" rule requiring strict compliance with Trial Rule 54(B) before a trial court's order disposing of less than all issues as to all parties will be deemed final and appealable as of right. The court explained that this formalistic approach "removes uncertainties about when a party should appeal, thus minimizing the risk that an appeal will be dismissed as premature or that the right to appeal will be inadvertently lost." *Id.* The court reasoned further that strict

---

[3] The "magic language" provision of Trial Rule 54(B) provides:

> A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

compliance with the rule "place[s] the discretion of deciding when the facts indicate that a judgment should be deemed final in the hands of the individual best able to make such decisions— the trial judge." *Id*. Thus, unless a trial court uses the "magic language" set forth in Trial Rule 54(B), an order disposing of fewer than all claims as to all parties remains interlocutory in nature.

*In re Estate of Botkins*, 970 N.E.2d at 167.

[11] Given the similarity between the language in Trial Rule 54(B) and Trial Rule 56(C), we see no reason why the *Martin* court's rationale regarding non-final orders under Trial Rule 54(B) should not also apply to summary judgment orders under Trial Rule 56(C). That is, if a trial court's summary judgment order is not final as to all issues, claims, and parties, the order *must* include the "magic language" set forth in Trial Rule 56(C) to be considered final. Otherwise, a summary judgment order disposing of fewer than all claims as to all parties remains interlocutory in nature. *See Martin*, 696 N.E.2d at 385.

[12] In the present case, the trial court's summary judgment order did not dispose of all issues as to all parties. Nor did it include the "magic language" from Trial Rule 56(C) that would have converted its otherwise non-final order into a final order. Therefore, the trial court's summary judgment order is not a final order.

[13] Generally, a non-final order is not appealable unless it is an interlocutory order that is appealable as of right under Appellate Rule 14(A), or the appellant has sought and gained permission for a discretionary interlocutory appeal from the trial court and this court under Appellate Rule 14(B). *Manley v. Zoeller*, 77

N.E.3d 1227, 1230 (Ind. Ct. App. 2017). Neither of these provisions is applicable here, where the appeal is not interlocutory as of right, nor have the parties sought permission to file an interlocutory appeal.

[14] Because we do not have jurisdiction to hear an appeal from the trial court's non-final summary judgment order, we dismiss this appeal, without prejudice. *See In re Estate of Botkins*, 970 N.E.2d at 168 (dismissing appeal where order being appealed was not final because it did not dispose of all claims as to all parties, did not contain the magic language required to deem it final, was not an order from which an interlocutory appeal could be taken as of right, and the parties had not received permission from this court to take a discretionary interlocutory appeal).

[15] Dismissed.

Vaidik, C.J., and Crone, J., concur.