## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 24 2018, 8:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

James R. Byron
Lisa M. Gilkey Schoetzow
THORNE GRODNIK, LLP
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Stephen R. Snyder
Randall L. Morgan
SNYDER MORGAN FEDEROFF &
KUCHMAY LLP
Syracuse, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Janice Lynn Buhrt,

*Appellant-Petitioner,*

v.

Dennis Ray Buhrt,

*Appellee-Respondent.*

August 24, 2018

Court of Appeals Case No.
18A-DR-1159

Appeal from the Kosciusko
Superior Court

The Honorable Michael W. Reed,
Special Judge

Trial Court Cause No.
43D01-1203-DR-86

**Bailey, Judge.**

# Case Summary

[1] Janice Lynn Buhrt ("Wife") appeals from an order clarifying aspects of the decree dissolving her marriage to Dennis Ray Buhrt ("Husband"). Husband had moved the trial court to not only (1) clarify aspects of the decree but also to (2) determine whether certain real property constituted inherited property under the decree. Although the trial court entered an order clarifying the decree, its order did not address whether the real property constituted inherited property. Wife now appeals, challenging the court's clarification of the decree. However, we do not reach the merits of Wife's appeal because the appealed order was interlocutory—leaving issues unresolved between the parties—and we lack subject matter jurisdiction to consider the interlocutory order.

[2] We dismiss.

# Facts and Procedural History

[3] In 2012, Wife petitioned to dissolve her marriage to Husband, and the parties entered into a property settlement agreement (the "Agreement") that contained the following provision (the "Inheritance Provision"):

> The Husband shall retain his inheritances from his parents and other relatives, already received and those to be received in the future, vested and unvested, without the Wife having any claim to such inheritances. The Wife shall retain her inheritances from her parents and other relatives, already received and those to be received in the future, vested and unvested, without the Husband having any claim to such inheritances.

App. Vol. II at 17. The Agreement also provided that Wife would transfer stock to Husband in exchange for $1,000,000 paid to Wife in installments.

[4] The trial court incorporated the Agreement into its Decree of Dissolution of Marriage. In 2018, Husband filed a Motion to Clarify Property Settlement, claiming to have "inherited certain real estate from his parents" (the "Real Estate"). *Id.* at 35. In his motion, Husband stated his belief that the Inheritance Provision excluded the "Real Estate . . . from being subject to a judgment lien for the payment of the installments." *Id.* Husband moved the court "to confirm and clarify" the decree and "confirm[] it as excluding the . . . Real Estate from any judgment lien resulting from" the decree. *Id.* at 36. Wife objected to Husband's motion. In briefing, Wife requested—*inter alia*—that if the court did not deny the motion, "that discovery be re-opened" to investigate whether Husband actually inherited the Real Estate. *Id.* at 51. Responding to Wife's objection, Husband asserted that he "simply seeks to clarify whether the language of . . . the [Agreement], as drafted, operates to preclude any judgment lien related to the installment payments . . . from attaching to inherited property, in particular, the [Real Estate]." *Id.* at 43. Husband requested that the Court clarify the decree, "confirming it as excluding the . . . Real Estate from any judgment lien resulting from" the decree. *Id.* at 44.

[5] The trial court entered an order in which it determined that the Inheritance Provision "clearly and unambiguously provides that the Wife has no claim to any inherited property of Husband" and that "a judgment lien would be a claim against the property." *Id.* at 81. The court also stated that the decree "operates

to exclude a judgment lien from attaching to any inherited property of the parties, including inherited real estate." *Id.* at 81. The court did not address whether the Real Estate constituted inherited real estate.[1]

Wife then filed her Notice of Appeal.

# Discussion and Decision

We turn to the threshold question of whether this Court has subject matter jurisdiction to hear this appeal, an issue properly raised *sua sponte*. *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003). Where relevant facts are not in dispute, a jurisdictional determination involves a pure question of law that we consider *de novo*. *Ramsey v. Moore*, 959 N.E.2d 246, 250 (Ind. 2012).

The subject matter jurisdiction of the Indiana Court of Appeals is specified by the Rules of Appellate Procedure adopted by the Indiana Supreme Court. *See* Ind. Const. art. 7, § 6. Pursuant to those rules, this Court has subject matter jurisdiction in appeals from final judgments. *See* Indiana Appellate Rule 5(A); *see also Indy Auto Man, LLC v. Keown & Kratz, LLC*, 84 N.E.3d 718, 719-20 (Ind. Ct. App. 2017) ("Whether an order is a final judgment governs the appellate court's subject matter jurisdiction." (citing *Front Row Motors, LLC v. Jones*, 5

---

[1] The parties concede that the court made no determination as to the nature of the Real Estate. On appeal, Wife asks that we reverse the order, and, if we do not, that we remand for discovery on this factual issue; Husband asks that we affirm the order, then remand for proceedings as to this "limited factual issue." Appellee's Br. at 13. Husband characterizes the issue as being "raised by wife" on appeal. *Id.*

N.E.3d 753, 757 (Ind. 2014)). Indiana Appellate Rule 2(H)(1) provides that a judgment is not final unless "it disposes of all claims as to all parties." The Indiana Supreme Court has explained that "[t]o fall under Appellate Rule 2(H)(1), an order must dispose of all issues as to all parties, ending the particular case and leaving nothing for future determination." *Ramsey*, 959 N.E.2d at 251. Nonetheless, even where a judgment is not final, Indiana Appellate Rule 14 confers jurisdiction over certain interlocutory appeals, providing several ways that a case may proceed. That is, a litigant may pursue "an interlocutory appeal of right (Rule 14(A)); a discretionary interlocutory appeal (Rule 14(B)); or an interlocutory appeal from an order granting or denying class-action certification (Rule 14(C))." *Ball State Univ. v. Irons*, 27 N.E.3d 717, 720 (Ind. 2015). Moreover, pursuant to Rule 14(D), a litigant may otherwise pursue an "interlocutory appeal[] . . . only as provided by statute."

[9] Wife directly appeals from the trial court's Order Clarifying Property Settlement Agreement. However, in the proceedings before the trial court, the issues were not only whether the Inheritance Provision would prevent a judgment lien from attaching to inherited property, but also whether the Real Estate was inherited property. Indeed, Husband sought a determination on this issue, asking the trial court to confirm, in particular, that no judgment lien extended to the Real Estate. Thus, the appealed order did not dispose of all issues, and is therefore not a final judgment. *See* Ind. Appellate Rule 2(H)(1). We must proceed to consider whether Indiana Appellate Rule 14 confers subject matter jurisdiction.

Pursuant to Rule 14(A), a litigant may pursue an interlocutory appeal as of right—but only if the interlocutory order falls into one of these categories:

>   (1) For the payment of money;
>
>   (2) To compel the execution of any document;
>
>   (3) To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;
>
>   (4) For the sale or delivery of the possession of real property;
>
>   (5) Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;
>
>   (6) Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;
>
>   (7) For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;
>
>   (8) Transferring or refusing to transfer a case under Trial Rule 75; and
>
>   (9) Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

As the instant order falls outside of these enumerated categories, Rule 14(A) does not apply. Turning to Rule 14(B), this rule provides for discretionary interlocutory appeals "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." Here, however, Wife did not take the steps specified in Rule 14(B) to perfect a discretionary interlocutory

appeal, and so this rule does not apply. Next, Rule 14(C) is inapplicable as it pertains only to orders involving class certification. Finally, Rule 14(D) permits interlocutory appeals when provided by statute, but we are aware of no statute permitting the appeal of an interlocutory order clarifying a dissolution decree.

[11] Having discerned no Indiana Rule of Appellate Procedure conferring subject matter jurisdiction in this case, we must dismiss the interlocutory appeal.

[12] Dismissed.

Mathias, J., and Bradford, J., concur.