## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 05 2019, 9:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Phillips
Boonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| X.H., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 5, 2019 <br><br> Court of Appeals Case No. 19A-JV-335 <br><br> Appeal from the Warrick Circuit Court <br><br> The Honorable Greg Granger <br><br> Trial Court Cause No. 87C01-1706-JD-124 |

**Tavitas, Judge.**

## Case Summary

[1] X.H. appeals the denial of his motion to dismiss the allegation that he is a delinquent for an act that would be considered child molesting if committed by an adult, a Level 4 felony, due to several alleged procedural errors. We dismiss.

## Issue

[2] X.H. raises one issue on appeal; however, we raise, sua sponte, a separate issue that we find to be dispositive. The issue before us is whether this Court has jurisdiction over X.H.'s appeal.

## Facts

[3] X.H. was born in September 2000. On July 30, 2016, the State alleged that X.H. "did perform or submit to fondling or touching" seven-year-old K.K. Appellant's App. Vol. II p. 17.

[4] The petition alleging delinquency was filed May 11, 2017. On July 5, 2017, the juvenile court authorized the filing of the delinquency petition. The order indicates that the juvenile court "considered the preliminary inquiry and the evidence of probable cause." Appellant's App. Vol. II p. 18.

[5] The trial court held the fact finding hearing on December 12, 2018. At the hearing, X.H. orally requested the petition to be dismissed and orally moved for certification of an interlocutory order, both of which the juvenile court denied.

[6] X.H. argued the juvenile court failed to commence the fact finding hearing prior to X.H. turning eighteen, which X.H. alleges is required by Indiana Code

Section 31-9-2-13, and no waiver was filed before X.H.'s eighteenth birthday, which X.H. contends was required. Accordingly, X.H. moved for dismissal based upon lack of jurisdiction. The State countered that the case was filed before X.H. turned eighteen and, therefore, the juvenile court retained jurisdiction. The juvenile court disagreed with X.H.'s counsel's interpretation of the law.

[7] At the dispositional hearing on January 29, 2019, X.H.'s counsel continued to contest jurisdiction of the juvenile court. Additionally, the parties argued over whether an evaluation of X.H. would be necessary. After much debate, X.H.'s counsel requested the matter be stayed so X.H. could file his notice of appeal. The following discussion occurred:

> COURT: Okay, well the Court's finding is that he is – that I'm Ordering that he receive a Diagnostic Evaluation.
>
> [X.H.'S COUNSEL]: * * * * * [We are] asking the Court to stay the sentence that's now been imposed pending the Appeal, timely filing the Appeal and perfecting the Appeal. Obviously if we don't perfect the Appeal then there's nothing to stay.
>
> * * * * *
>
> COURT: Okay, with that understanding then I'd be inclined to – to stay the evaluation.
>
> [X.H.'S COUNSEL]: What I will do then, because we don't as I explained to these people, the Notice of Appeal goes to the Court of Appeals, they (indiscernible) which I think is a little bit weird but that's the way it is. What I think I will do is I will file the

Motion to Stay before we file the Notice of Appeal today so that you – because I think once we file the Notice of Appeal you don't have jurisdiction as an operation of law I think you lose jurisdiction.

Tr. Vol. II pp. 104-05. The juvenile court then advised X.H.'s parents of their right to appeal. The juvenile court entered an order titled "dispositional order," which concluded:

The court now finds as follows:

That the juvenile shall participate in a diagnostic evaluation to determine his treatment needs, if any. The Court stays this order pending the results of an appeal of this order.

Appellant's App. Vol. II p. 12. Appellant now appeals.

## Analysis

X.H. argues that the juvenile court erred in denying X.H.'s motion to dismiss. Instead, however, we raise, sua sponte, whether this appeal is properly before us. Upon review of the record, X.H. indicated on the notice of appeal that this appeal is from a final judgment; however, there has not yet been a final dispositional decree that disposes of all issues in this case. Furthermore, the proper steps for filing an interlocutory appeal were not followed. Accordingly, this Court does not have jurisdiction over this case in its current procedural posture.

In juvenile delinquency cases, "appeals may be taken as provided by law." Ind. Code § 31-32-15-1. Moreover, in juvenile hearings, "[i]t is after disposition that a final, appealable judgment exists. . . ." *Matter of M.R.,* 452 N.E.2d 1085, 1089 (Ind. Ct. App. 1983). "A final appealable order or judgment is one which disposes of all of the issues as to all of the parties and puts an end to the particular case." *F.E.H., Jr. v. State,* 715 N.E.2d 1272, 1275 (Ind. Ct. App. 1999) (quotations omitted). "An order of the court requiring something to be done or observed, but not determining the controversy, is an interlocutory order." *M.R.,* 452 N.E.2d at 1088. "Whether an order is a final judgment governs the appellate court's subject matter jurisdiction." *Indy Auto Man, LLC v. Keown & Kratz, LLC,* 84 N.E.3d 718, 719 (Ind. Ct. App. 2017).

Indiana Rule of Appellate Procedure 2(H) defines judgments as final if:

> (1) it disposes of all claims as to all parties;

> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

> (3) it is deemed final under Trial Rule 60(C);

> (4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5) it is otherwise deemed final by law.

[11] The juvenile court's order titled "dispositional order" stays the evaluation of X.H. and the apparent subsequent treatment plan for X.H. pending the evaluation. The order, however, is not a final dispositional decree. Specifically, the juvenile court's order before us does not include "written findings and conclusions" in the dispositional decree as required by Indiana Code Section 31-37-18-9. The juvenile court's order states: "That the juvenile shall participate in a diagnostic evaluation to determine his treatment needs, if any. The Court stays *this* order pending the results of an appeal of this order." Appellant's App. Vol. II p. 12 (emphasis added).

[12] The juvenile court clearly was expecting X.H. to file an interlocutory appeal. X.H., however, failed to file a motion for interlocutory appeal as required by Indiana Rules of Appellate Procedure Rule 14(B), which states: "An appeal may be taken from other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal." We decline to accept this appeal as an interlocutory appeal due to X.H.'s counsel's failure to proceed as required by Rule 14(B).

[13] We acknowledge that juvenile matters should not be drawn out; however, under these circumstances, we cannot properly consider the appeal as it is

before us because it is not yet ripe for our review as a final judgment. We, accordingly, dismiss.[1]

## Conclusion

We do not have jurisdiction over X.H.'s appeal because a final dispositional decree has not been entered. We dismiss.

Dismissed.

Brown, J., and Altice, J., concur.

---

[1] Although we dismiss this appeal, we note that X.H.'s brief included reference and argument to *K.S. v. State,* 807 N.E.2d 769 (Ind. Ct. App. 2004). In fact, X.H. heavily relies on this case in both his initial brief and reply brief. We remind counsel that *K.S.* was vacated and overturned in our Supreme Court's landmark case *K.S. v. State,* 849 N.E.2d 538 (Ind. 2006). There, our Supreme Court expressly rejected the jurisdictional analysis and concluded that the juvenile's arguments were procedural, and not jurisdictional. We encourage counsel, in the future, to carefully vet cited sources.